THE BANK OF COMMERCE IN BUFFALO, Respondent, v. AMOS
A. BISSELL et al., Appellants.

(Argued February 12, 1878 ; decided February 22, 1878.)

THIS action was brought against defendants as common-
carriers upon a bill of lading of a boat load of wheat, stated
in the bill of lading to have been shipped at Buffalo by
Sears & Daw, as agents and forwarders, for transportation to
New York, on account and order of plaintiff. The bill of
lading contained this direction, "notify E. S. Brown, New
York." It was given to plaintiff as security for a time draft
drawn by Sears & Daw on said Brown, discounted by plain-
tiff. The wheat was delivered by defendants to Brown. The
bill of lading with the draft annexed was forwarded by plain-
tiff to New York, with an endorsement thereon by its cashier,
to the effect that it was subject to payment of the draft, and
to be delivered only on payment of draft. A small sight
draft drawn at the same time by Sears & Daw was paid by
Brown on presentation ; the time draft was accepted, but not
paid. Before it fell due Brown became insolvent. *Held*,
that defendants were not warranted in delivering the wheat
to Brown, by the bill of lading, nor did the discount of the
drafts, the acceptance of one and the payment of the other
justify such delivery. (*Ontario Bank* v. *N. J. S. B. Co.*,
59 N. Y., 510.)

The case of *Marine Bank* v. *Wright* (48 N. Y. 1), dis-
tinguished.

Also, *held*, that the fact that plaintiff did not indorse over
the bill of lading to any one in New York city, authorizing
them to receive the wheat, did not relieve defendants from
the duty of holding the wheat as plaintiff's property or sub-

ject to its lien; that defendants could have notified Brown, as they did, and if neither he nor any one else came with authority to take delivery they could, and it was their duty to have put the wheat in store.

Defendant offered to prove a custom in New York to deliver property under similar bills of lading to the person to be notified. The evidence was rejected. *Held*, no error; that if the custom was established it could not subvert a positive unambiguous contract.

Also, *held*, that the indorsement or memorandum put upon the bill by plaintiff's cashier did not alter or affect it.

A replevin suit was commenced by plaintiff against the firm of Skinker & Co., to whom the wheat had been delivered by Brown, and who claimed by purchase from him, by agreement of the parties Skinker & Co., paid to plaintiff three-fourths of its claim, it agreeing to sue defendants and prosecute to final judgment, and if judgment was recovered and collected, to return the sum so paid, the replevin suit in the meantime to be suspended. *Held*, that the suit, stipulation and payment so made, did not affect defendants' liability.

*W. S. Bissell* for appellants.

*Henry B. Greene* for respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.