WILLIAM SCHALL and Others, Copartners Composing the Firm of
WILLIAM SCHALL & COMPANY, Appellants, v. BYRON R. NEWTON
and Another, Respondents.

Second Department, June 11, 1926.

**Guaranty — action on bond given to procure release of goods from United
States Collector of Customs — bond was conditioned on delivery within
thirty days of proper bill of lading — collector of customs and bond
carrier are jointly and severally liable to original owner of goods.**

The plaintiffs, whose goods were released by the United States Collector of Customs
upon a bond executed by one of the defendants, are entitled to sue the bond
carrier in the first instance, and, therefore, an action against both the collector
and the bonding company was proper, since they are jointly and severally
liable in law.

APPEAL by the plaintiffs, William Schall and others, from a
judgment of the Supreme Court in favor of the defendants, entered
in the office of the clerk of the county of Nassau on the 28th day
of March, 1925, upon the verdict of a jury rendered by direction
of the court, and also from an order entered in said clerk's office
on the 30th day of March, 1925, denying plaintiffs' motion for
a new trial made upon the minutes.

*Merle I. St. John* [*Charles Paul Brown* with him on the brief],
for the appellants.

*Herbert H. Kellogg, Assistant United States District Attorney*
[*William A. DeGroot, United States District Attorney, Guy O. Walser*
and *William Rosenzweig, Assistant United States District Attorneys,*
with him on the brief], for the respondent Byron R. Newton.

*William J. McArthur* [*Edmund J. Donegan* with him on the
brief], for the respondent United States Fidelity and Guaranty
Company.

PER CURIAM. Upon the stipulated facts, and the undisputed oral
and documentary evidence, we are of the opinion that the goods
admittedly belonging to the plaintiffs would not have been released
from the control of the Collector of Customs and delivered into the
hands of one admittedly not entitled thereto were it not for the
agreement legally entered into between the defendant Newton and
the defendant guaranty company to effect such release and delivery
upon the giving of the bond, and that such bond was given pursuant
to legal authority vested in the Collector for the precise and specific
purpose of accomplishing the improper disposition of plaintiffs'
property. The face of the bond shows, by the entry in the upper
left-hand corner, that the same was given under the authority

of article 219, Customs Regulations of 1915, and the Treasury decision of June 7, 1919. The bond is headed " bond to produce bill of lading." The condition clearly shows that for failure to produce within thirty days valid bills of lading, the bonding company would pay the amount of a proper claim of the persons holding such bills of lading. We think that the bond is liable in the first instance to the rightful owners of the goods, and that the plaintiffs rightfully sued both the Collector and the bonding company, they being jointly and severally liable in law. The bonding company, by the giving of the bond, not alone induced the Collector to part with plaintiffs' goods but must be held to have actively participated in bringing about such disposal. (*Sloan* v. *National Surety Co.,* 111 App. Div. 94, 100; *Dyett* v. *Hyman,* 129 N. Y. 351; *Herring* v. *Hoppock,* 15 id. 409, 413.)

The judgment should be reversed upon the law and the facts, with costs, and judgment directed for the plaintiffs, with costs. As we conclude that a verdict should have been directed for the plaintiffs, the appeal taken from the order denying plaintiffs' motion to set aside the verdict and for a new trial subserves no material purpose, and that appeal should be dismissed, without costs.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiffs, with costs. As we conclude that a verdict should have been directed for the plaintiffs, the appeal from the order denying motion to set aside verdict and for a new trial subserves no material purpose, and is dismissed, without costs.