being the owner of certain shares of stock of a land improvement corporation, employed plaintiff's testator, an attorney, to arrange for realization thereof; that testator entered upon the performance of his obligations and rendered services in connection with the acquisition of land belonging to the corporation for public purposes, for which an award is about to be made and demanded judgment impressing a lien in favor of plaintiff upon said award and upon the shares of stock. The contract of employment read in part as follows: " The said Francis S. McAvoy for his services is to receive in cash twenty-five per cent of whatever is realized by the said Sidney C. Schramme out of such holdings, whether the same be by way of sale, mortgage, hypothecation, exchange or in any other manner."

*Charles L. Craig* for appellant.

*Louis L. Archer* and *Elon S. Hobbs* for respondents.

*Per Curiam.* The provision of the contract that payment to the attorney shall be made in cash, though the property received by the client may be something other than cash, is inconsistent with an intention to make an equitable assignment.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.

---

WILLIAM SCHALL et al., Respondents, *v.* BYRON R. NEWTON et al., Appellants.

*Conversion — release by Collector of Port of imported goods without production of bills of lading.*

*Schall* v. *Newton*, 217 App. Div. 171, affirmed.

(Argued May 5, 1927; decided May 20, 1927.)

APPEAL from a judgment entered October 3, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a

Prepared by State Reporter from Appeal Papers

judgment in favor of defendants entered upon a verdict directed by the court and directing judgment in favor of plaintiffs. The action is in conversion, brought by the holders of bills of lading for imported goods against Byron R. Newton in his individual capacity, and United States Fidelity and Guaranty Company, on the ground that defendant Newton while Collector of the Port of New York, took into his possession and disposed of said goods without plaintiffs' consent and contrary to the law then in effect, and that the defendant company procured and participated in the conversion by executing to the defendant Newton a bond indemnifying him for entering and releasing the goods without production of the bills of lading.

*William A. De Groot, United States District Attorney* (*Herbert H. Kellogg* of counsel), for Byron R. Newton, appellant.

*William J. McArthur* for United States Fidelity and Guaranty Company, appellant.

*Merle I. St. John, Charles Paul Brown* and *Hiram Thomas* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Dissenting: KELLOGG, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JULIUS GIBBS, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued May 6, 1927; decided May 20, 1927.)

APPEAL from a judgment of the Supreme Court, rendered February 3, 1927, at a Trial Term for the county of Erie upon a verdict convicting the defendant of the crime of murder in the first degree.

*Edwin Gaw Flanigen* and *Edward A. Gilroy* for appellant.

*Guy B. Moore, District Attorney* (*Walter F. Hofheins* of counsel), for respondent.