## GILES v. NEWTON, Collector of Customs.

District Court, E. D. New York.   June 9, 1927.

### No. 2361.

**1. Shipping ⊂⇒115—Carrier held not liable for customs collector's release of goods after taking control (Tariff Act Oct. 3, 1913, § 111, B [Comp. St. § 5519]; Regulations of Treasury Department, arts. 219, 220).**

Where carrier lost all control of property shipped when collector of customs took it to appraise, assess, and collect duties, subsequent release from collector's custody pursuant to Tariff Act Oct. 3, 1913, § III, B (Comp. St. § 5519), and Regulations of Treasury Departments, arts. 219, 220, did not render carrier liable to consignor holding bill of lading made to order of himself.

**2. Customs duties ⊂⇒55—Collector of customs, giving possession of goods to wrong party, cannot defeat action for conversion because control over goods was merely for customs purposes (Regulations of Treasury Department, arts. 219, 220).**

Where collector of customs took control of goods for purpose of collecting customs, and subsequently permitted entry to be made without bill of lading, pursuant to Regulations of

the Treasury Department, arts. 219, 220, he could not defeat owner's action for conversion through having given possession to wrong person, on ground that his control over goods was merely for customs purposes.

**3. Customs duties ⟂⟂53—Regulations of Treasury Department, prescribing methods to be followed in making entry of goods, have force and effect of law.**

Regulations of Treasury Department, prescribing methods to be followed in making entry of goods on which duties are due, have force and effect of law.

**4. Customs duties ⟂⟂55—Collector of customs, permitting party not owner or consignee to enter goods, pay duties, and take them, held liable for conversion (Tariff Act Oct. 3, 1913, § III, B [Comp. St. § 5519]; Regulations of Treasury Department, arts. 219, 220).**

Under Tariff Act Oct. 3, 1913, § III, B (Comp. St. § 5519), consignor holding bill of lading consigned to his own order was owner of goods, and collector of customs had duty to permit him to make entry of merchandise to be delivered to him on payment of duties and on failure to do so because of delivery to another from whom bond was taken pursuant to Regulations of Treasury Department, arts. 219, 220, was liable for conversion, regardless of fact that bill of lading provided for notice to party to which collector delivered goods.

**5. Customs duties ⟂⟂55—Consignor of goods holding bill of lading consigned to his own order, indorsed per pro consignor, by his attorney, held proper party to sue for conversion of goods; "per proc." (Tariff Act Oct. 3, 1913, § III, B [Comp. St. § 5519]).**

Consigner of goods holding bill of lading consigned to his own order and indorsed "per pro S. E. G., [consignor] C. L.," was proper party, in view of Tariff Act Oct. 3, 1913, § III, B (Comp. St. § 5519), to sue for conversion of goods by collector of customs who permitted another party to enter them and pay duties, indorsement not making C. L. owner, since phrase "per proc." means by procuration, by letter of attorney.

**6. Customs duties ⟂⟂53—Treasury Department regulations do not alter or amend customs law but only regulate mode carrying it into effect.**

Regulations of Treasury Department do not alter or amend customs law but only regulate mode of proceeding to carry it into effect.

**7. Customs duties ⟂⟂63—Statute relating to ownership of imported goods for customs purposes held not to conflict with Treasury regulation permitting entry of goods without bill of lading on giving bond (Tariff Act Oct. 3, 1913, § III, B [Comp. St. § 5519]; Regulations of Treasury Department, arts. 219, 220).**

Treasury Department Regulations, arts. 219, 220, relating to entry of goods and payment of duties thereof, without bill of lading, on giving bond, does not conflict with Tariff Act Oct. 3, 1913, § III B (Comp. St. § 5519), relating to ownership of merchandise for purpose of paying customs.

**8. Customs duties ⟂⟂55—Customs collector, refusing to permit consignor of goods consigned to his order to enter goods and pay duty, held liable for conversion (Tariff Act of Oct. 3, 1913, § III, B (Comp. St. § 5519); Regulations of Treasury Department, arts. 219, 220).**

Under Tariff Act Oct. 3, 1913, § III, B (Comp. St. § 5519), collector of customs, refusing to permit consignor of goods presenting bill of lading in which they were consigned to his order to enter them, pay duties, and receive goods was guilty of conversion, although he set up no claim of title or performed any act of ownership, regardless of fact that he had released goods to third party directed to be notified by bill of lading on such party's giving bond pursuant to Regulations of Treasury Department, arts. 219, 220; honest error and good faith in collector's part being no defense.

**9. Customs duties ⟂⟂55—Pro forma invoice, not shown to have been brought to notice of plaintiff consignor held not to relieve collector of customs from liability for delivery to wrong party (Regulations of Treasury Department, arts. 219, 220).**

Where no consular invoice of imported goods was filed, and at time of entry for payment of duties no certified invoices of merchandise had been received, in action by consignor holding bill of lading for goods consigned to his order for refusal to permit him to enter goods which had been delivered to third person in giving bond pursuant to Regulations of Treasury Department, arts. 219, 220, statement in invoice to stipulation, which read "purchased by [consignor] from S.," for account of party to whom goods was delivered by defendant, in absence of showing that plaintiff was connected with or had knowledge of such pro forma invoice, did not relieve collector of customs from liability for conversion.

**10. Customs duties ⟂⟂55—Subordinate's releasing goods to wrong party held no defense to collector of customs, in view of stipulation (Regulations of Treasury Department, arts. 219, 220).**

In action by consignor of goods holding bill of lading to his order for conversion through collector of customs' refusal to permit him to enter and pay duty on goods which were released to third party, who gave bond pursuant to Regulations of Treasury Department, arts. 219, 220, contention by defendant that actual release of merchandise was by subordinate does not relieve him, in view of stipulation that defendant performed acts of which complaint was made.

At Law. Action by Samuel E. Giles against Byron E. Newton, Collector of Customs, at the port of New York, for conversion. Judgment for plaintiff.

Edwin R. Wakefield, of New York City (Walter H. Dodd, of New York City, of counsel), for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant.

CAMPBELL, District Judge. This is an action at law to recover $6,766.47, for the conversion of 12 bales of straw braid, which came into the possession of the defendant, collector of customs, at the port of New York.

A jury was waived, and on stipulation the case was tried before the court without a jury.

The facts were all stipulated, and, in substance, are as follows:

Between the dates mentioned, the defendant was duly appointed, qualified, and acting as collector of customs at the port of New York. The plaintiff was a British subject and a resident of the city of London, kingdom of Great Britain, and defendant was a resident of this judicial district.

The plaintiff was the owner of said 12 bales of straw braid, and delivered same to a steamship company in Japan, on a through bill of lading issued by the steamship company, by which it contracted with the plaintiff to carry the merchandise to New York, and there deliver it to plaintiff's order.

A copy of the bill of lading is annexed to the stipulation of facts, and contains the following statement: "Notify the Borenco Importing Corporation, 628 Broadway, New York, N. Y."

The defendant, as collector of customs, acting pursuant to the statutes and Treasury Regulations, took the merchandise into his possession upon its arrival in New York, for the purpose of appraising, assessing, and collecting the rate and amount of customs due to the United States.

At the time this merchandise was imported, it was provided by the Tariff Act of October 3, 1913, § III, par. B (Comp. St. § 5519), as follows:

"That all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof; and in case of the abandonment of any merchandise to the underwriters the latter may be recognized as the consignee."

The regulations of the Treasury Department then in force provided as follows:

"Art. 219. *Bill of Lading.*—A bill of lading is necessary to establish the right to make entry in every case where it is the custom to issue such a document.

"Where, as in the case of express companies, it is the practice to issue shipping receipts in lieu of bills of lading, such receipts may be accepted for the purpose of entry.

"All merchandise imported into the United States shall be deemed and held to be the property of the person to whom the same is consigned, and the holder of a bill of lading indorsed by the consignee therein named, or if consigned to order by the consignor, shall be deemed the consignee thereof; and in case of the abandonment of any merchandise to the underwriters the latter may be recognized as the consignees.

"The collector may in his discretion permit entry to be made without the production of a bill of lading or express receipt, on a bond being filed conditioned for the subsequent production of such bill of lading and to indemnify the collector against any loss or damage which may be sustained by reason of permitting such entry to be made.

"Art. 220. *Who May Make Entry—Filing of Bill of Lading.*—Entry may be made by the consignee named in the bill of lading, or by the indorsee thereof, or by the holder of a bill of lading consigned to order and indorsed by the consignor."

While the merchandise was in the possession of the defendant collector, the Borenco Importing Corporation applied to him for permission to make entry of the same, to pay the duties and to receive the goods.

The Borenco Importing Corporation did not produce the bill of lading, was not the owner or possessor of the same, and had no authority from the plaintiff to make entry or to receive the merchandise.

The collector, acting under the Treasury Department regulation above quoted, permitted the Borenco Importing Corporation to make entry without the production of a bill of lading, to pay the duties and to take the merchandise, and the Borenco Importing Corporation furnished the collector a bond, conditioned for the subsequent production of such bill of lading, and to indemnify him against loss or damage which he might sustain by reason of permitting such entry to be made.

The entry was made and the merchandise delivered to the Borenco Importing Corporation without the knowledge of plaintiff, who at that time held the original bill of lading made to the order of himself.

Plaintiff, through his New York agents, presented the original bill of lading, duly indorsed by plaintiff, and applied to the collector for permission to make entry of the shipment, pay the duties, and receive the goods, all of which was refused by the col-

lector. The Borenco Importing Corporation has never made good the conditions of the bond which it furnished the collector, in that it never produced the bill of lading, nor was it ever the owner of, or in possession of, the said bill of lading, and it never was the owner of nor entitled to the possession of the merchandise in question. That none of said merchandise was abandoned to the Borenco Importing Corporation as underwriters.

The delivery or release from customs custody to the Borenco Importing Corporation was made by the defendant, collector of customs.

For the purposes of this action, the value of the merchandise in question is to be taken at $4,900, the amount of the indemnity bond covering the importation.

[1] From the facts so stipulated and the statute and regulations, it is apparent that the release from customs custody was made by the defendant and not by the transportation company, because the carrier lost all control over the property when the collector took it under his control to appraise, assess, and collect the duties.

[2] Defendant cannot be granted immunity from liability for conversion of plaintiff's merchandise, because of his claim that his control over them was merely for customs purposes. U. S. ex rel. Matthews v. Massachusetts Bonding & Insurance Co., 207 App. Div. 619, at page 623, 202 N. Y. S. 867, 870, where the court said:

"* * * It seems to me inconceivable that the government not alone would deprive shippers and importers of all control over their merchandise, but also and at the same time deny them protection against a loss of such property while in the hands and under and control of the government. * * *"

[3] The regulations of the Treasury Department prescribing the methods to be followed in making entry have the force and effect of law. Cramer v. Arthur, 102 U. S. 612, 616, 617, 26 L. Ed. 259; Aldridge v. Williams, 3 How. 9, 29, 11 L. Ed. 469; United States v. Lueder (C. C. A.) 154 F. 1, 7, 8; United States v. Bartram Bros. (C. C. A.) 131 F. 833; Von Cotzhausen v. Nazro (C. C.) 15 F. 891, 897, affirmed 107 U. S. 215, 2 S. Ct. 503, 27 L. Ed. 540; United States v. Hutton, 26 Fed. Cas. 454, No. 15,433.

[4] Plaintiff was the consignor and held the bill of lading consigned to his own order. Under the statute he was deemed to be the consignee thereof, and it was the duty of the defendant, collector of customs, to permit plaintiff, who held the bill of lading, to make entry of the merchandise, and to deliver the merchandise to plaintiff upon the payment of the duties.

[5] There is no merit to defendant's contention that plaintiff is not the proper party plaintiff, because the bill of lading is indorsed, "per pro S. E. Giles, Chas. Lambert." Such indorsement did not make Lambert the owner, because the phrase "per proc." means "by procuration, by letter of attorney." 3 Bouvier's Law Dictionary, 2558. Thus the indorsement by Lambert was as attorney for the plaintiff, and the title remained in the plaintiff.

Plaintiff's ownership is conceded in the stipulation of facts.

The statute gave the defendant, customs collector, no right to deliver the merchandise to any one but the holder of a bill of lading, properly indorsed, who was to be deemed the consignee.

The regulations, however, in case of an entry and full payment of duties, permitted the collector, in his discretion, to permit entry to be made without the production of a bill of lading, on a bond being filed, conditioned for the subsequent production of such bill of lading, and to indemnify the collector against any loss or damage which might be sustained by reason of permitting such entry to be made.

This is exactly what the defendant did when he permitted the Borenco Importing Corporation, without the knowledge of the plaintiff, to enter the merchandise, and delivered it to the Borenco Importing Corporation on its giving a bond. The damages to the owner of the property for which the defendant might be liable was the very liability against which the defendant was protected by the bond.

Defendant did not follow the statute, because that required him to allow the entry by the consignee only, but, in pursuance of the regulation, he took the bond to cover his liability to the consignee.

[6] The regulation could not alter or amend the law, but only regulate the mode of proceeding to carry into effect what Congress enacted. Morrill v. Jones, 106 U. S. 466, 467, 1 S. Ct. 423, 27 L. Ed. 267; Waite v. Macy, 246 U. S. 606, 38 S. Ct. 395, 62 L. Ed. 892.

[7] There is no conflict between the statute and regulations, as the only effect of the regulations is to allow the collector to obtain protection by bond, when entry is allowed by one not the consignee, against the damages recoverable against him by the consignee. This has been held in Treasury Decision 8202, vol. 20, p. 230, in which it is said:

"Should the collector allow entry by per-

sons, not the consignees prescribed in the statute, he would be responsible under the law in damages to any one subsequently producing a proper bill of lading; the responsibility resting solely with the collector."

[8] Plaintiff, through his agent, presented the original bill of lading, duly indorsed by plaintiff, and applied to the defendant, collector, for permission to make entry of the shipment, pay the duties, and receive the goods, all of which were refused by the defendant; this constituted conversion, and the defendant thereupon became liable to the plaintiff for the stipulated value thereof.

Honest error and good faith on the part of the defendant is not a defense to his liability. Tracy v. Swartwout, 10 Pet. 80, 9 L. Ed. 354; Amy v. Supervisors, 11 Wall. 136, at page 138, 20 L. Ed. 101.

The question of liability here argued has been fully discussed and decided in harmony with plaintiff's contention, in a case which in its essential facts is almost identical with the case at bar, and in which the defendant is the same person who is the defendant in this action. Schall v. Newton, 217 App. Div. 171, 216 N. Y. S. 285, affirmed, by the New York Court of Appeals, 157 N. E. 864.

The provision of the bill of lading, "Notify the Borenco Importing Corporation, 628 Broadway, New York, N. Y.," does not change or affect the defendant's liability for delivering the merchandise to one other than the plaintiff, the consignee, because it raises no presumption that the person to be notified is the consignee, but on the contrary indicates that the goods are not to be delivered except on production of the bill of lading. 10 Corpus Juris, 259, § 372; North Pennsylvania R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 8 S. Ct. 266, 31 L. Ed. 287; The Thames, 14 Wall. 98, 20 L. Ed. 804; Furman v. Union Pac. R. Co., 106 N. Y. 579, 13 N. E. 587; Bank of Commerce in Buffalo v. Bissell, 72 N. Y. 615.

The unwarranted interference by the defendant with plaintiff's title and possession is sufficient to support the plaintiff's demand for damages for conversion, and no claim of title or act of ownership by the defendant was necessary to constitute conversion. Bristol v. Burt, 7 Johns. (N. Y.) 254, 5 Am. Dec. 264; Conard v. Pacific Ins. Co., 6 Pet. 262, at page 280, 8 L. Ed. 392.

[9] The defendant cannot be relieved from liability because of the statement in the invoice annexed to the stipulation, which reads, "Purchased by S. E. Giles from Oshima Shoten, for account of Borenco Importing Corporation of New York," because that is merely a pro forma invoice prepared by the Borenco Importing Corporation, and it affirmatively appears that no consular invoice was filed, and it was alleged at the time the entry was made that no certified invoices of the merchandise had been received, due to a delay in the mail.

There is nothing to connect the plaintiff in any way with, or show that he had knowledge of, the pro forma invoice filed by the Borenco Importing Corporation.

[10] The contention by the defendant that the actual release of the merchandise to the Borenco Importing Corporation was by a subordinate, and that he cannot be held liable in conversion for the action of his subordinate, cannot be sustained, in any event, in the face of the stipulated fact that he (the defendant) performed the acts of which complaint is made.

Defendant cites Derobert v. Stranahan (C. C.) 126 F. 581, and Redmond v. Liverpool, N. Y. & P. Steamboat Co., 46 N. Y. 578, 7 Am. Rep. 390, in support of his contention that the collector was justified in delivering the merchandise to the Borenco Importing Corporation without production of a bill of lading, but both cases are clearly distinguishable.

In so far as Derobert v. Stranahan, supra, is applicable to the case at bar, it seems to me to support the plaintiff's contention. In that case the plaintiff had possession of a bill of lading, but he was not the consignee named therein, nor had the bill of lading ever been indorsed to him, while in the case at bar plaintiff was the holder of the bill and the consignee.

In Redmond v. Liverpool, N. Y. & P. Steamboat Co., supra, the question decided was that, in an action for damages for nondelivery of goods by the steamship company, it was not a good defense that there had been a proper delivery, in that the goods, being foreign merchandise entered in bond, had been delivered on the wharf into the hands of customs officers, because the customs officers had no authority to receive delivery of the goods for the owners, so as to discharge the carrier from liability.

The distinction between constituting customs officers the agents of consignees to accept shipment, and holding them for damages for delivering the property of the consignee and holder of the bill of lading to one who has no ownership or right to possession seems to be clear.

Judgment may be entered in favor of the

plaintiff for $4,900, with costs. If desired, findings of fact and conclusions of law may be submitted on notice.