## CONKLIN et al. v. NEWTON.

Circuit Court of Appeals, Second Circuit.
July 3, 1929.

No. 290.

William A. De Groot, U. S. Atty., of Brooklyn, .N. Y. (William J. McArthur, of New York City, of counsel), for appellant.

Robert B. Honeyman, of New York City, for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. (after stating the facts as above). ■ It is contended on behalf of the collector that he

cannot be held personally liable for the delivery of the pimentoes, because the acts, whether wrongful or not, were committed by his subordinates, and not by himself. In dealing with this, as with all matters in this case, we are limited to the judgment roll, as the record contains no bill of exceptions. In other words, we have nothing to consider except whether the complaint states a cause of action and the judgment conforms to the pleadings and the findings of the court. The complaint in substance alleged that the collector authorized the delivery of the imported merchandise, without the production of the bill of lading, upon the receipt of the bond of indemnity. The findings were in accord with these allegations. Such decisions as Robertson v. Sichel, 127 U. S. 507, 8 S. Ct. 1286, 32 L. Ed. 203, and Rubens v. Robertson (C. C.) 38 F. 86, where it was held that collectors are not in general liable for wrongs committed by their subordinates, are not in point, because in those cases the acts were not performed by the subordinates under any authorized custom or practice which involved a conversion. Here they were in substance done under the defendant's directions, and the directions involved a conversion if the person to whom the pimentoes were delivered turned out not to be the consignee.

The remaining question is whether the collector was exonerated from liability for delivery to the wrong person, because the act was not unlawful in itself. The defendant says it was not unlawful, for the reason that a collector of customs is not personally or officially concerned with the title to merchandise coming into his possession for the enforcement of the revenue laws, nor is he responsible for delivery to the rightful owner.

Section 2785 of the Revised Statutes provides that the owner of merchandise, on a vessel shall, on her arrival, make entry with the collector and shall produce the original invoices with the bills of lading.

Article 219 of the Customs Regulations of 1915, promulgated by the Secretary of the Treasury under the Act of October 3, 1913, provides that a bill of lading is necessary to establish the right to make entry in every case where it is the custom to issue such a document; that all merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned, and that the holder of a bill of lading indorsed by the consignee therein named, or, if consigned to order by the consignor, shall be deemed the consignee thereof; that the collector may, in his discretion, permit entry without production of a bill of lading upon

the filing of a bond conditioned for the subsequent production of the bill of lading, to indemnify the collector against any loss or damage which may be sustained by reason of permitting such entry to be made.

Article 223 of the Regulations provides that "the date of entry shall be held to be the date on which the duty is paid on a consumption entry. * * * *"

It is said that by reason of the foregoing statute and regulations the obligation of the collector is to the government alone, and not to the owner of the imported merchandise. De Robert v. Stranahan (C. C.) 126 F. 582, and Redmond v. Liverpool, etc., Steamship Co., 46 N. Y. 578, 7 Am. Rep. 390, are cited in support of this contention. But in the former case the bill of lading was made out to the person who actually received the goods, and the plaintiffs were neither named in, nor indorsees of, the bill of lading. In the latter nothing more was held than that the carrier was liable to the consignee for delivery of a package of goods left on its pier, for which a delivery permit had issued from the customs, in spite of the right of the customs authorities to supervise the removal to a bonded warehouse. There was no proof of misdelivery by the collector or his subordinates. See also McAndrew v. Whitlock, 52 N. Y. 46, 11 Am. Rep. 657.

Section 2789 of the Revised Statutes provides that, whenever an entry is imperfect for want of invoices or for other cause, the collector shall take the merchandise into his custody, and section 2652 provides that it shall be the duty of all officers of customs to execute and carry into effect all instructions of the Secretary of the Treasury relative to the execution of the revenue laws.

The bond which was given in the present case was not given for the purpose of securing duties which had to be paid before delivery, and for which there was a possessory lien on the goods, but to secure the collector against loss from delivery of the imported merchandise to a person against whom the collector was not afforded any statutory protection, because that person had not complied with section 2785 of the Revised Statutes by producing the bill of lading.

When the collector, as in the present case, takes merchandise into his possession under section 2789, supra, because an imperfect entry has been made, he becomes a bailee and is under the ordinary obligations arising from such a bailment. There is nothing in the statutes to relieve him from such obligations, nor is there any statutory exoneration, if that were possible, for delivery to the wrong per-

son. Not only was there no delivery to the holder of the bill of lading, as required by the statute, but the delivery to Menist on furnishing a bond was purely an administrative practice, to obviate difficulties and delays where the bill of lading was not promptly produced. "The regulation could not alter or amend the law, but only regulate the mode of proceeding to carry into effect what Congress enacted." Giles v. Newton (D. C.) 21 F.(2d) at page 487.

Without some exoneration by statute, the collector, though a public official, is personally liable for unwarranted acts. Thus collectors have been held individually responsible for taxes unlawfully collected. Philadelphia, etc., Co. v. Lederer (D. C.) 239 F. 184; De Lima v. Bidwell, 182 U. S. at page 177, 21 S. Ct. 743, 45 L. Ed. 1041. We can discover nothing to take the present case out of the general rule.

In Giles v. Newton (D. C.) 21 F.(2d) 484, which was a case closely resembling the present, Judge Campbell rendered a careful opinion, directing judgment against the collector personally for conversion, because of delivery of merchandise to the wrong person. We can see no answer to his reasoning. Schall v. Newton, 217 App. Div. 171, 216 N. Y. S. 285, affirmed 245 N. Y. 576, 157 N. E. 864, was a decision of the Appellate Division, affirmed by the New York Court of Appeals, to the same effect. See, also, United States ex rel. Matthews v. Mass. Bonding, etc., Co., 207 App. Div. 619, 202 N. Y. S. 867.

Judgment affirmed.