**DIOGUARDI v. DURNING, Collector of Customs, Port of New York.**

No. 157.

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1944.

John Dioguardi, of Brooklyn, N. Y., pro se.

Marvin M. Notkins, Asst. U. S. Atty., of New York City (James B. M. McNally, U. S. Atty., of New York City, on the brief), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges

CLARK, Circuit Judge.

In his complaint, obviously home drawn, plaintiff attempts to assert a series of grievances against the Collector of Customs at the Port of New York growing out of his endeavors to import merchandise from Italy "of great value," consisting of bottles of "tonics." We may pass certain of his claims as either inadequate or inadequately stated and consider only these two: (1) that on the auction day, October 9, 1940, when defendant sold the merchandise at "public custom," "he sold my merchandise to another bidder with my price of $110, and not of his price of $120," and (2) "that three weeks before the sale, two cases, of 19 bottles each case, disappeared." Plaintiff does not make wholly clear how these goods came into the collector's hands, since he alleges compliance with the revenue laws; but he does say he made a claim for "refund of merchandise which was two-thirds paid in Milano, Italy," and that the collector denied the claim. These and other circumstances alleged indicate (what, indeed, plaintiff's brief asserts) that his original dispute was with his consignor as to whether anything more was due upon the merchandise, and that the collector, having held it for a year (presumably as unclaimed merchandise under 19 U.S.C.A. § 1491), then sold it, or such part of it as was left, at public auction. For his asserted injuries plaintiff claimed $5,000 damages, together with interest and costs, against the defendant individually and as collector. This complaint was dismissed by the District Court, with leave, however, to plaintiff to amend, on motion of the United States Attorney, appearing for the defendant, on the ground that it "fails to state facts sufficient to constitute a cause of action."

Thereupon plaintiff filed an amended complaint, wherein, with an obviously heightened conviction that he was being unjustly treated, he vigorously reiterates his claims, including those quoted above and now stated as that his "medicinal extracts" were given to the Springdale Distilling Company "with my betting [bidding?] price of $110: and not their price of $120," and "It isnt so easy to do away with two cases with 37 bottles of one quart. Being protected, they can take this chance." An earlier paragraph suggests that defendant had explained the loss of the two cases by "saying that they had leaked, which could never be true in the manner they were bottled." On defendant's motion for dismissal on the same ground as before, the court made a final judgment dismissing the complaint, and plaintiff now comes to us with increased volubility, if not clarity.

■ It would seem, however, that he has stated enough to withstand a mere formal motion, directed only to the face of the complaint, and that here is another instance of judicial haste which in the long run makes waste. Under the new rules of civil procedure, there is no pleading requirement of stating "facts sufficient to constitute a cause of action," but only that there be "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c; and the motion for dismissal under Rule 12(b) is for failure to state "a claim upon which relief can be granted." The District Court does not state why it concluded that the complaints showed no claim upon which relief could be granted; and the United States Attorney's brief before us does not help us, for it is limited to the prognostication—unfortunately ill founded so far as we are concerned—that "the most cursory examination" of them will show the correctness of the District Court's action.

■ We think that, however inartistically they may be stated, the plaintiff has disclosed his claims that the collector has converted or otherwise done away with two of his cases of medicinal tonics and has sold the rest in a manner incompatible with the public auction he had announced—and, indeed, required by 19 U.S.C.A. § 1491, above cited, and the Treasury Regulations promulgated under it, formerly 19 CFR 18.7-18.12, now 19 CFR 20.5, 8 Fed. Reg. 8407, 8408, June 19, 1943. As to this latter claim, it may be that the collector's only error is a failure to collect an additional ten dollars from the Springdale Distilling Company; but giving the plaintiff the benefit of reasonable intendments in his allegations (as we must on this motion), the claim appears to be in effect that he was actually the first bidder at the price for which they were sold, and hence was entitled to the merchandise. Of course, defendant did not need to move on the complaint alone; he could have disclosed the facts from his point of view, in advance of a trial if he chose, by asking for a pre-trial hearing or by moving for a summary judgment with supporting affidavits. But, as it stands, we do not see how the plaintiff may properly be deprived of his day in court to show what he obviously so firmly believes and what for present purposes defendant must be taken as admitting. It appears to be well settled that the collector may be held personally for a default or for negligence in the performance of his duties. Conklin v. Newton, 2 Cir., 34 F.2d 612, 614; Giles v. Newton, D.C.E.D.N.Y., 21 F.2d 484, 488; De Lima v. Bidwell, 182 U.S. 1, 177-180, 21 S.Ct. 743, 45 L.Ed. 1041; cf. Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, certiorari denied 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555.

■ On remand, the District Court may find substance in other claims asserted by plaintiff, which include a failure properly to catalogue the items (as the cited Regulations provide), or to allow plaintiff to buy at a discount from the catalogue price just before the auction sale (a claim whose basis is not apparent), and a violation of an agreement to deliver the merchandise to the plaintiff as soon as he paid for it, by stopping the payments. In view of plaintiff's limited ability to write and speak English, it will be difficult for the District Court to arrive at justice unless he consents to receive legal assistance in the presentation of his case. The record indicates that he refused further help from a lawyer suggested by the court, and his brief (which was a recital of facts, rather than an argument of law) shows distrust of a lawyer of standing at this bar. It is the plaintiff's privilege to decline all legal help, United States v. Mitchell, 2 Cir., 137 F.2d 1006, 1010, 1011; but we fear that he will be indeed ill advised to attempt to meet a motion for summary judgment or other similar presentation of

the merits without competent advice and assistance.

Judgment is reversed and the action is remanded for further proceedings not inconsistent with this opinion.