### FRANK v. BEANE et al.

District Court, S. D. New York.

Sept. 4, 1945.

David I. Shapiro, of New York City (Abraham L. Pomerantz, of New York City, of counsel), for plaintiff.

George Z. Medalie, of New York City (George Z. Medalie and Louis Haimoff, both of New York City, of counsel), for defendants Alpheus C. Beane, Jr., and others.

BRIGHT, District Judge.

The defendants, Alpheus C. Beane, Jr. and fifty others, named in the complaint individually and as copartners doing business as Merrill, Lynch, Pierce, Fenner & Beane, move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted against them individually. Plaintiff has voluntarily dismissed the complaint against them as copartners. The action has been discontinued as against the defendants Albert F. Jaeckel, Richard E. Dwight and Bankers Trust Company, individually and as executors and trustees of Edmund C. Lynch, deceased.

The action is a derivative one brought in behalf of the defendant Safeway Stores, Inc., of which plaintiff has been a stockholder since February 23, 1938, for an accounting and to remedy alleged wrongs claimed to have been perpetrated upon Safeway.

These alleged wrongs are four in number, and are based upon an alleged domination of the affairs of Safeway and by means of a conspiracy claimed to have been entered into in December, 1939, by certain of the defendants, in pursuance of which

1. The defendants, The Magowan Company and Magowan Realty Corporation, owned and controlled by the defendant Charles E. Merrill and members of his family, were unnecessarily hired by Safeway as real estate brokers to sell, purchase and lease real estate and thereby cause Safeway to pay in excess of $380,000 as commissions, all for the benefit of defendants, without any adequate consideration, and which really constituted a gift, and waste of assets of Safeway.

2. In 1940 and 1941 some 57 properties of Safeway were sold to the defendant Merwan Corporation, solely owned by defendant Charles E. Merrill and members of his family, at prices less than the market value thereof, and thereafter leased to Safeway at excessive rentals, to the profit of the Merwan owners and the damage of Safeway.

3. Safeway, since 1937 has paid unnecessarily to the Merrill-Lynch firms over $170,000 as compensation for alleged financial services rendered, although Safeway was financially sound, its credit rating good, and it was able to do its own financing without incurring such expenses; and in addition, in mergers with and acquisition of other corporations, there have been paid to said Merrill-Lynch firms in excess of $150,000 unnecessarily; and since 1937, by repetitious, unnecessary and numerous financing procedures, the primary purpose of which was to create bases for payments to said Merrill-Lynch firms, Safeway has paid to them $369,500 and has incurred additional expenses of $1,786,000 without adequate consideration, in which sums and more said Merrill-Lynch firms have profited and Safeway has been damaged.

4. Safeway was caused to purchase 900,000 copies of The Family Circle, a magazine published by the Evans Publishing Company, later The Family Circle, Inc., controlled and largely owned by the Merrill and Lynch families, and to buy advertising and editorial space therein, without adequate consideration, and at excessive prices; and although such business was essential and beneficial to it, the acquisition of such business and opportunity to publish such magazine, which it was financially and otherwise equipped and able to take over, was denied it and the same was acquired by Merrill and Lynch.

It is further alleged that the true nature of these acts and transactions were concealed by defendants from the stockholders of Safeway and were contrived primarily to benefit the said Merrill and Lynch and members of their families directly and indirectly at the expense of Safeway and to its damage.

Under the present rules of practice I believe the complaint is sufficient. It is not necessary that a cause of action be pleaded; the allegations must show that plaintiff is entitled to some relief, even if the particular relief is not asked for. Dioguardi v. Durning, 2 Cir., 139 F.2d 774. The complaint alleges and claims a fiduciary and dominating relationship by means of which defendants, or some of

them, have personally benefited at the expense of and to the detriment of the corporation of which they were fiduciaries.

The motion to dismiss is, therefore, denied.