## NAKASHEFF v. CONTINENTAL INS. CO. (DURNING, Third-Party Defendant).

United States District Court
S. D. New York.
March 3, 1950.

McKercher & Link, New York City, for plaintiff.

Bigham, Englar Jones & Houston, New York City, Daniel A. Sullivan, New York City, of counsel, for defendant and 3rd party plaintiff.

Irving H. Saypol, U. S. Atty., for Southern District of N. Y., New York City, Daniel H. Greenberg, Asst. U. S. Atty., New York City, of counsel, for 3rd party defendant.

SUGARMAN, District Judge.

On June 8, 1949, Pantcho Nakasheff, as plaintiff, commenced an action in the New York Supreme Court, against Continental Insurance Company of New York, as defendant. The complaint, in substance, alleged that the defendant, a domestic insurance corporation, on November 9, 1946, for a premium paid by the plaintiff, insured against loss or damage a certain quantity of Bellabulgara to be shipped from Sofia, Bulgaria to Pearl River, New York; that, thereafter, the merchandise arrived in New York, was placed in a warehouse for a few days and was thence transported to the United States Appraiser's Office where it remained until December, 1947, when it was delivered to the American Cyanamid Company; that, although the plaintiff was at all times the owner of the merchandise, it was never in his actual possession; that, after the merchandise arrived here, the defendant, at the request of the plaintiff and for an additional premium paid by the plaintiff, extended the insurance from the 28th of December, 1946, to the 25th of December, 1947; at some time after the arrival of the merchandise and while it was in the warehouse or in the custody of the United States Appraiser's Office and while the policies of insurance were in force, a certain quantity, valued at $6,113.66, "was lost by the perils covered by the said policy as extended"; that, the plaintiff performed the conditions required of him by the policy, notified defendant of the loss and demanded payment thereof; that, the defendant refused to pay and that plaintiff seeks judgment for said amount with costs.

The defendant's time to answer the complaint was apparently extended but, instead of answering, it served, on September 9, 1949, a third-party summons on Harry M. Durning, "as collector of Customs of the Port of New York, third-party defendant". It simultaneously served upon him a third-party complaint which, in substance, alleged that the defendant-third-party plaintiff, Continental Insurance Company of New York (hereinafter referred to as defendant), is a domestic insurance corporation; that the third-party defendant, Durning (hereinafter referred to as the Collector), is the Collector of Customs of the Port of New York; that on November 9, 1946, it issued the policy of insurance above identified; that on June 8th, 1949 plaintiff brought the action above identified against the defendant; that, on information and belief "the alleged loss of the Bellabulgara was caused either by the negligence of the third-party defendant or his employees or by the inherent vice of the Bellabulgara", which loss, if due to inherent vice, was not covered by the aforesaid policy; that if plaintiff were to recover against the defendant for the loss of the merchandise while it was in the Collector's care and custody, the Collector would be liable over to the defendant who will have been subrogated to the plaintiff's rights against the Collector; that the defendant sought against the Collector judgment for any sum that it might be required to pay the plaintiff, with costs.

The parties having waived the usual bond, the Collector then had the action removed from the New York Supreme Court to this court. He now seeks an order dismissing the third-party summons and complaint because: (1) this court does not have jurisdiction over the Collector; (2) this Court does not have jurisdiction over the subject matter of this action against the Collector; (3) of failure to join an indispensable party to the action, the United States of America; and (4) of failure to state a claim against the Collector upon which relief can be granted; and finally, that the action, after such dismissal as against the Collector, be remanded to the state court of origin.

The defendant, in addition to resisting the motion to dismiss, cross-moves for an order adding the United States of America as a party to this action.

In support of the first three grounds above, the Collector contends that this court, in this suit, inherited no greater jurisdiction than that enjoyed by the state court of origin; that, in his being sued "as Collector of Customs of the Port of New York", the suit is in essence one against the United States of America; and, that the United States of America, having never consented to being sued in state courts, the suit cannot lie in this court, whence it was removed from the state court.

It will be assumed that the removal of the cause to this court cannot supply any jurisdiction lacking in the state court and that if such fatality existed in the original forum, it continues with the cause to this court.

The flaw in the Collector's position is his assumption that merely by the use of the appellation (in the title and body of the third-party complaint), "Collector of Customs of the Port of New York", the suit is transformed into one against the United States of America. No authority for that contention appearing to exist, it must be rejected. Much less than accomplishing the result suggested by the Collector, it seems that the mere employment of his official title in the pleading produces no effect whatever, even upon the status of the parties to the litigation.

Judge Learned Hand in Sims v. Stuart et al., D.C.S.D.N.Y., 291 F. 707, in dealing with the status of a Collector of Customs observed: "He is not even accountable for such illegal acts as an official, but individually. Smietanka v. Indiana Steel Co., 257 U.S. 1, 42 S.Ct. 1, 66 L.Ed. 99. If he has committed a trespass, he is subject to the same law as though he held no office, but to no different remedies, except as some statute provides it. He should have no protection from his possession, but he should suffer no added liability."

Later, Judge Augustus N. Hand in Conklin et al. v. Newton, 2 Cir., 34 F.2d 612,

614, observed, in a suit against a defendant personally (who was at the time Collector of the Port of New York): "Without some exoneration by statute, the collector, though a public official, is personally liable for unwarranted acts. Thus collectors have been held individually responsible for taxes unlawfully collected. Philadelphia, H. & P. R. Co. v. Lederer, D.C., 239 F. 184; De Lima v. Bidwell, 182 U.S. at page 177, 21 S.Ct. 743, 45 L.Ed. 1041. We can discover nothing to take the present case out of the general rule.

In Giles v. Newton, D.C., 21 F.2d 484, which was a case closely resembling the present, Judge Campbell rendered a careful opinion, directing judgment against the collector personally for conversion, because of delivery of merchandise to the wrong person."

Later, Judge Clark in Truth Seeker Co., Inc., v. Durning, Collector of Customs, 2 Cir., 147 F.2d 54, 55 (in which case the record on appeal discloses that the defendant was sued "as Collector of Customs of the Port of New York") in reversing the dismissal by the District Court and remanding the case for further proceedings in damages or for costs (the original prayer for mandatory relief, that certain impounded publications be delivered up by the defendant to the plaintiff, having become moot by virtue of their prior voluntary surrender by the defendant) observed: "There is no remedy directly against the United States for illegal action of the collector, although the collector himself in appropriate instances may be reimbursed, 28 U.S.C.A. § 842; the usual remedy appears to be one to hold the collector personally for a default or other improper performance of his duties in an action for damages. Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775; * * *", and other cases cited.

It next becomes appropriate to inquire whether the United States of America has waived its sovereign immunity and consented to answer in damages for a tort such as is involved in the case at bar. It is intimated in the movant's brief that the Federal Tort Claims Act, 60 Stat. 842, supplies the answer. While it is true that a portion of the Act, 28 U.S.C.A. § 1346(b),

would appear to sustain that suggestion, by virtue of the language: "* * * the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, [accruing on and after January 1, 1945], for injury or loss of property * * * caused by the negligent or wrongful act or omission by any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" a subsequent section, 28 U.S.C.A. § 2680(c), excepts cases such as the one at bar from the benefits conferred by the Act, when it provides that "The provisions of * * * Section 1346(b) of this title shall not apply to— * * * (c) Any claim arising in respect of * * * the detention of any goods or merchandise by any officer of customs * * *".

That a claim such as the one asserted here has administratively been recognized as one not against the United States is evidenced by the regulations of both the Bureau of Customs and the Office of the Secretary of the Treasury. In the Bureau's Regulations may be found, at 19 C.F.R. 24.71, the advice that "Procedures for the settlement of claims arising from actions of Treasury Department employees are published in 31 C.F.R. Part 3." and in the Treasury Regulations there appears at 31 C.F.R. 3.60 the provision that " * * * the so-called Small Claims Act, authorized the head of each department and establishment to consider, ascertain, adjust, and determine claims of $1,000 or less for damage to, or loss of, privately owned property caused by the negligence of any officer or employee of the Government acting within the scope of his employment. The Federal Tort Claims Act superseded the Small Claims Act with respect to claims that are allowable under the former act. However, with respect to claims that are not allowable under the Federal Tort Claims Act, for example, *claims for damage to goods in customs custody due to the negligence of customs employees* were allowed under the Small Claims Act. The Federal Tort Claims Act specifically exempts from its provisions claims arising in respect of the detention of any goods or merchandise by any officer of customs. Hence, since exempted under the Federal Tort Claims Act, those claims are considered as still allowable under the Small Claims Act." (Emphasis supplied.)

The instant claim being in excess of $1,000, no consideration is being given to whether the Small Claims Act may serve as a waiver of sovereign immunity, 42 Stat. 1066, 31 U.S.C.A. § 215 et seq., which to the extent above indicated, survives the repeal by 60 Stat. 846. Suffice it to say that such waiver is absent from any statute that has come to the court's notice. No express waiver being evident one cannot be implied from the descriptive title of the Collector employed in the complaint. The end result is that, as held by the cases first hereinabove cited, the Collector's status remains unaffected by any statutory change. He is still answerable personally for his torts and a suit against him on that score is not a suit against the United States.

Obviously, if he stands in no different position from any other tort-feasor, the state court had adequate jurisdiction over his person and the subject matter of the suit.

But, it is urged, the suit became one against the United States because

"Execution shall not issue against a collector * * * on a final judgment in any proceeding against him for any of his acts, * * * in performing his official duties, if the court certifies that: (1) probable cause existed; * * *

"When such certificate has been issued, the amount of the judgment shall be paid out of the proper appropriation by the Treasury." 28 U.S.C.A. § 2006, formerly 28 U.S.C.A. § 842.

This contention was laid at rest by Truth Seeker Co., Inc. v. Durning, Collector of Customs, supra [147 F.2d 56], when the Court of Appeals of this circuit said "There is no remedy directly against the United States for illegal action of the collector, al-

though the collector himself *in appropriate instances may be reimbursed*, 28 U.S.C.A. § 842;" (Emphasis supplied.)

That the Collector availed himself of 28 U.S.C.A. § 1442, and had the action removed to this court contributes nothing except his possible right, after trial, to a certificate of probable cause; a right that he would lose if he permitted the case to remain in the state court because it is extremely doubtful that a state court could issue such a certificate binding on the Federal Treasury.

Upon the foregoing, the movant's first three grounds for dismissal and the defendant's cross-motion that the United States of America be joined as a third-party defendant must be rejected.

 There remains for the consideration the fourth and final ground advanced by the Collector, namely "failure to state a claim against the third-party defendant upon which relief can be granted". Here it is urged that since the Collector cannot be held to answer for the torts of his subordinates, in the absence of his active participation or assent, this complaint should be dismissed. I accept the assertion that this rule prevails since Robertson v. Sichel, 1888, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203.

In that case, as in Rubens v. Robertson, C.C.S.D.N.Y., 38 F. 86, the determination was made *after trial.* The appropriate rule applicable upon a motion addressed to a complaint is found in Dioguardi v. Durning, Collector of Customs, Port of New York, 2 Cir., 139 F.2d 774, 775, where Circuit Judge Clark wrote "It would seem, however, that he has stated enough to withstand *a mere formal motion, directed only to the face of the complaint * * *"* (Emphasis supplied.)

Further on the decision reads "But, as it stands, we do not see how the plaintiff may properly be deprived of his day in court to show what he obviously so firmly believes *and what for present purposes defendant must be taken as admitting."* (Emphasis supplied.)

In the third-party complaint here attacked it is alleged "5. On information

and belief, that the alleged loss of the Bellabulgara was caused either by the negligence *of the third-party defendant* or his employees * * *." (Emphasis supplied.)

The defendant's right to prove that allegation cannot be stifled by this premature dismissal of its third-party complaint despite the possibility that, after a trial, the Collector may ultimately succeed in establishing his freedom from liability for the acts or omissions of his subordinates.

Motion to dismiss third-party summons and complaint and to remand action to New York Supreme Court and cross-motion to add the United States of America as a party to this action, each are in all respects denied. Settle order on notice.