**COLUMBIA TRADING CORPORATION, Libellant-Appellant,**

v.

**MOORE–McCORMACK LINES, INC., Respondent-Appellee.**

**No. 371, Docket 31024.**

United States Court of Appeals Second Circuit.

Argued March 14, 1967.

Decided March 17, 1967.

---

Francis J. Haley, New York City, for libellant-appellant.

Herbert M. Lord, New York City (Burlingham, Underwood, Barron, Wright & White and Elliott U. Ashkenazi, New York City, on the brief, for respondent-appellee.

Before KAUFMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM.

Columbia Trading Corporation, which had a place of business in New York City, brought this libel against Moore-McCormack Lines under a clean bill of lading issued for goods carried in respondent's vessel, the SS Mormaccape, to Buenos Aires, Argentina, where, according to the libel, the goods arrived short and in defective condition. After hearing the evidence, however, and giving appellant an additional ninety days to produce further evidence, the district judge dismissed the libel on the ground that appellant had failed to demonstrate its right to maintain this libel. Columbia appeals from that determination.

The purchase of the goods in question, nylon yarn valued in the invoices at $133,717.93, was arranged by Columbia with the manufacturer, E. I. du Pont de Nemours & Co. It was the practice of du Pont, however, to sell goods for export only to a resident of the country of import and, therefore, the invoices issued by Danubia, du Pont's agent and exporter, listed as the purchaser, Roberto Arocena of Buenos Aires. The bill of lading which appellee issued for the goods showed the consignee as order of shipper, and the party to be notified when the goods arrived, as Francisco Mattaldi of Buenos Aires.

Since Columbia, which was neither a consignee nor indorsee under the bill of lading, brought this libel as assignee of the rights of Mattaldi, it was incumbent upon Columbia to demonstrate that its assignor had a right to maintain this libel, see Aunt Jemima Mills Co. v. Lloyd Royal Belge, 34 F.2d 120 (2 Cir. 1929), which means, under the circumstances of this case, that Columbia had to establish either that Mattaldi was in fact the indorsee or holder of the bill of lading at the time the goods arrived in Argentina. The fact that Mattaldi was listed in the bill of lading as the party to be notified raises no presumption that he was the intended consignee. See North Pennsylvania R. R. v. Commercial Nat. Bank of Chicago, 123 U.S. 727, 736, 8 S. Ct. 266, 31 L.Ed. 287 (1887); Giles v. Newton, 21 F.2d 484, 488 (E.D.N.Y. 1927). Nobody was entitled to possession of the goods without production of the indorsed bill of lading to the carrier.

The only evidence offered on this point at the first stage of the trial was the testimony of Joseph Rubinstein, appellant's principal shareholder, who said that Mattaldi had been substituted as ultimate consignee of the goods after Arocena had refused to accept the 180 day sight draft drawn on him by du Pont for payment of the purchase price. The court considered this testimony insufficient to prove that Mattaldi was the indorsee at the time the goods were discharged from the SS Mormaccape primarily because the date of the alleged change of consignee was long after the vessel was discharged in Buenos Aires.

The only other evidence, offered after the 90 day continuance, was a receipt issued to Mattaldi by the Argentine Ministry of Finance for the payment of customs duties on a shipment of goods from the United States. But this receipt was given for a shipment of nylon and cotton fabric valued at $23,812.95, while the shipment in question was pure nylon valued in the invoices at $133,717.93. In the absence of some plausible explanation for these disparities, which it did not find forthcoming, the trial court was in no position to find that the receipt was for the goods in question. It, therefore, concluded that the appellant had failed to meet its burden of proof and dismissed the libel.

The order of dismissal is affirmed.