**Sophia CIVORU, Plaintiff,**

v.

**NATIONAL BROADCASTING COMPANY and Gertrude Berg, Defendants.**

United States District Court
S. D. New York.
Feb. 14, 1958.

Sophia Civoru, pro se.

Davis & Gilbert, New York City, George A. Elber, New York City, of counsel, for defendants.

SUGARMAN, District Judge.

The defendants, National Broadcasting Company and Gertrude Berg, move to dismiss plaintiff's complaint for failure to state a claim or in the alternative for a summary judgment on the ground of res adjudicata.

The complaint purports to state a claim based on fraud. It is a discursive document of 17 pages. Plaintiff therein demands from the defendants an accounting for all moneys earned through their use of the story "The Rise of the Goldbergs" now known as "The Goldbergs"; an injunction against exploitation of the story; forfeiture of defendants' rights and privileges under the copyright act and three million dollars.

On this motion it is undisputed that plaintiff, her husband and defendant, Gertrude Berg, became partners in May 1929. In August 1929, the partnership terminated by mutual consent. During the month of June 1929, the partners created "The Rise of the Goldbergs." In 1935, the plaintiff, Sophia Civoru, sued the defendant, Gertrude Berg, in the Supreme Court of New York County for an accounting for profits realized from Gertrude Berg's use of "The Rise of the Goldbergs." This litigation resulted in a decision including the findings of fact:

"2. That in the month of June, 1929, while the partnership was in full force and effect, the defendant wrote, composed and arranged the dialogue for a portion or portions of not more than two episodes or two one act plays of the continuity later known as 'The Rise of the Goldbergs' and defendant delivered said manuscript to the plaintiff.

"3. That the said partnership was terminated by mutual consent of the plaintiff and defendant in August, 1929, and thereafter the plaintiff returned to the defendant the aforesaid manuscripts and plaintiff abandoned any right, title or interest therein.

"4. That thereafter and in the latter part of September, 1929, the plaintiff delivered to the defendant the aforesaid manuscripts upon demand of the defendant; that plaintiff thereby abandoned all right, title and interest in said plot, character, scheme, play, outline and continuity, and in the said two episodes of which the dialogue was prepared by defendant as aforesaid."

On these findings and others and on its conclusion of law that plaintiff, Sophia Civoru, was entitled to no relief, the court entered a judgment that plaintiff's complaint be dismissed. That judgment has long since become final.

In so far as the instant complaint is based on a claim of an interest that the plaintiff at one time may have had in "The Rise of the Goldbergs," the principle of res adjudicata [1] bars her attempt to assert such an interest in this action. In the Schuylkill case Chief Judge Cardozo (250 N.Y. at page 308, 165 N.E. at page 458) stated the test to be "whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." Obviously plaintiff's claim of an interest in "The Rise of the Goldbergs" would "destroy or impair" the finding in the New York Supreme Court action that plaintiff had no such interest.

Absent such an interest, the court is unable to discern in the verbose complaint any right to relief for the plaintiff.[2]

Accordingly, the defendants' motion for summary judgment is granted.

It is so ordered.

1. Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456.

2. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.