**EDACO STAHLWARENFABRIK ERNST DARMANN & CO., Plaintiff,**

v.

**HILL NOVELTIES MANUFACTURING CORP., Defendant.**

United States District Court
S. D. New York.
June 23, 1960.

Hamburger & Weinschenk, New York City, for plaintiff.

Kenneth S. Goldfarb, North Bellmore, for defendant.

CASHIN, District Judge.

This is an action for patent infringement and unfair competition. The complaint alleges that plaintiff is a German partnership and defendant a New York corporation. The complaint further alleges that plaintiff was granted "a license" to exploit the patent by the original patent owner, which license was continued by a subsequent assignee of the patent. Demand is made in the complaint for an injunction, an accounting and damages.

Two motions are considered herein. Plaintiff moves for a preliminary injunction against the alleged patent infringement and unfair competition. Defendant moves for an order dismissing the complaint for lack of jurisdiction since an indispensable party, namely, the patent owner has not been joined.

Whether a licensee of a patent can sue for infringement in his own name depends upon the precise nature of the license. Waterman v. Mackenzie, 1891, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923. As pointed out above, the complaint merely states that plaintiff is a licensee. The affidavit in support of plaintiff's motion uses a similar term. True it is that the affidavit submitted on behalf of plaintiff in opposition to the motion of defendant to dismiss states

"It is hereby affirmed, and categorically stated, that plaintiff is the sole and exclusive licensee of the patent * * *."

This affidavit, however, is made by the attorney for the plaintiff who presumably does not have personal knowledge of the facts. I must, therefore, disregard his statement as mere hearsay. Nowhere in the papers is there included a copy of the agreement granting the license. I thus have no evidence upon which to base a finding that the present plaintiff has status to sue. In view of this failure of

proof, the preliminary injunction must be denied since plaintiff cannot show a probability of success.

 It does not follow, however, that the complaint should be dismissed. Under the liberal rules of pleading prevalent under the Federal Rules of Civil Procedure, 28 U.S.C.A. (See Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774), plaintiff may prove, under the allegations of the complaint, that it has a right to sue in its own name for patent infringement. Thus, the complaint will not be dismissed.

Plaintiff, however, may renew its motion for a further showing that it has capacity to sue *without joining the patent owner.*

Defendant, of course, may subsequently make a motion for summary judgment if it can establish that plaintiff has no capacity to sue.

Motions denied.

It is so ordered.