Henry A. COLE

v.

**Robert L. JOHNSON, Superintendent, State Correctional Institution, Graterford.**

**Civ. A. No. 72–1089.**

United States District Court, E. D. Pennsylvania.

Nov. 8, 1972.

Martha Field, Supervising Atty., Carol Mager, Student Participant, Prison Research Council, University of Pa. Law School, Philadelphia, Pa., for petitioner.

Michael Minkin, Asst. Atty. Gen., Philadelphia, Pa., for respondent.

OPINION

LUONGO, District Judge.

Petitioner, Henry A. Cole, a state prisoner instituted suit under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343, against Robert L. Johnson, Superintendent of the State Correctional Institution at Graterford, Pennsylvania, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment rights to procedural due process and equal protection of the law.

Cole's dispute, set forth in his *pro se* complaint,[1] arises from the consequences

---

1. After the complaint was filed, counsel was appointed to represent petitioner under the provisions of Local Rule 9½, recently adopted, which permits eligible law school students, under a supervising lawyer, to appear on behalf of any prisoner in any civil rights or habeas corpus matter. The excellent brief in opposition to the defendant's motion to dismiss was filed by Carol Mager, one of the student participants under Local Rule 9½.

of two unfruitful meetings that he had with the Vocational Director at Graterford with respect to Cole's request for a change of job. Petitioner alleges that after the second meeting with the Vocational Director and while he was resting in his cell, eight correctional officers seized and shackled him and placed him in the maximum security cell block. Petitioner alleges further that ten days thereafter, he was taken before "a disciplinarian staff" composed of correctional officers and a social worker. After being advised by this body that he was before them in order "to review you," petitioner inquired as to the reason for his confinement in punitive segregation and was informed that one of his friends had told the officers that petitioner had made a "threat about doing something to the Vocational Director." [Complaint, p. 2] Petitioner's request to confront his accuser was denied and he was returned to punitive segregation.

Before the court now is Superintendent Johnson's Motion pursuant to Rule 12(b)(6), F.R.Civ.P., to Dismiss for failure to state a claim. The motion has two aspects. The first, dealing with the cruel and unusual punishment claim, urges that none of the petitioner's allegations could support a finding that defendant's treatment of petitioner constituted cruel and unusual punishment under the Eighth Amendment. The second, relating to the procedural due process claim, boils down to the contention that the allegations of petitioner's complaint clearly show that he has been afforded all the procedural due process to which he is entitled.

In my view, there is enough charged in the complaint to entitle plaintiff to the opportunity to present evidence on his claims. The Supreme Court has recently ruled in Haines v. Kerner, 404 U. S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) that:

"Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See Dioguardi v. Durning, 139 F.2d 774 (2nd Cir. 1944)."

It is unclear from a reading of either the Supreme Court's opinion or that of the Seventh Circuit, 427 F.2d 71 (7th Cir. 1970), what procedure Haines claimed to be due him. What does appear, however, is that Haines "refused to explain his action [the striking of a fellow inmate with a shovel] or to discuss the incident with the investigating prison authorities, as a result of which he was placed in solitary confinement for a period of fifteen days." 427 F.2d at 72. On the basis of these allegations, the Supreme Court directed the taking of testimony with respect to the procedural due process claim. In my view, petitioner, who alleges that he was placed in punitive segregation without any opportunity for discussion prior to confinement, is likwise entitled to present such testimony. See Gray v. Creamer, 465 F.2d 179, 185, fn. 6 (3d Cir. 1972).

Accordingly, the motion to dismiss for failure to state a claim upon which relief can be granted will be denied.