**Jesse X (White), Plaintiff,**

**v.**

**Ramon GRAY, Warden of the Wisconsin State Prison, and Robert Remmel, Social Worker, Defendants.**

**Civ. A. No. 73–C–133.**

United States District Court,
E. D. Wisconsin.

Aug. 13, 1974.

Jesse X (White) plaintiff pro se.

Robert W. Warren, Atty. Gen., and Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This action, brought under the Civil Rights Act, presents the issue of whether a prisoner at the Wisconsin State Prison at Waupun has a constitutionally protected right to send a letter to an individual not on his approved correspondence list for the purpose of asking that person to contact several attorneys who desire to help the prisoner. The defendants are Ramon Gray, Warden of the Wisconsin State Prison at Waupun, and Robert Remmel, a social worker at the prison.

The facts, as presented in plaintiff's verified complaint, are as follows. On February 25, 1973, plaintiff received a letter from Booker Collins informing him of the availability of several attorneys who could help him with his pending legal matters. Collins informed plaintiff that in order to learn the identity of these attorneys, he should write to Ronnie Starks. Immediately thereafter plaintiff filled out a special letter request asking permission to write to Ronnie Starks so that Mr. Starks could put him in contact with several attorneys.

This request was "disapproved" by defendant Remmel who is the plaintiff's social worker. This disapproval is the cause of the present action.

Jurisdiction is claimed under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. Plaintiff is proceeding *pro se*.

Defendants answered the complaint, but in their answer they asked that the complaint be dismissed with prejudice.

Plaintiff, evidently treating the defendants' answer as a *motion to dismiss*, filed a "Reply to Defendants' Answer." In an attempt to straighten out the matter, the court addressed the following question to the parties: "Did the plaintiff have a constitutionally protected right to send the particular letter in issue for the particular purpose stated?"

Defendants have responded that the real issue in this case is not one of access to the courts but whether or not the prison may legitimately control the associations of inmates with citizens outside the institution. Defendants have failed to answer the question addressed to them by the court. In so doing, they have set forth their theory that plaintiff has not stated a cause of action upon which relief can be granted. For this reason, and because of the confusing state of the record in this case, the issues posed here shall be decided as defendants' motion to dismiss for failure to state a claim. That motion is denied.

■ *Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It cannot be found by this court that it appears " * * * beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). See Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944).

■■ Censorship of direct personal *correspondence offends a fundamental* constitutional guarantee—that of free speech. Procunier v. Martinez, —— U.S. ——, 94 S.Ct. 1800, 40 L.Ed.2d 224 (decided April 29, 1974). Judicial restraint or a hands-off attitude towards prison administration is not applicable here, because when fundamental constitutional guarantees are involved, the district court must discharge its duty to protect these constitutional rights. Johnson v. Avery, 393 U.S. 483, 486, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Procunier v. Martinez, supra.

■■ The plaintiff has alleged that his mail has been censored. This alone states a cause of action. The ultimate question to be decided on the merits will become whether or not the prison respected the appropriate standard of review for prisoner mail censorship formulated in Procunier v. Martinez, supra. That standard is as follows:

"Applying the teachings of our prior decisions to the instant context, we hold that censorship of prisoner mail is justified if the following criteria are met. First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression. Prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements. Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation. Second, the limitation of First Amendment freedoms must be no greater than in necessary or essential to the protection of the particular governmental interest involved. * * *" (at p. 1811.)

For the reasons stated above,

It is ordered that defendants' motion to dismiss be and it hereby is denied.