**Daniel G. GELLERT, Plaintiff-Appellant,**

v.

**EASTERN AIRLINES, INC., a Delaware Corporation, Frank Borman, William Bell and Thomas Buttion, Defendants-Appellees.**

No. 81–5458.

United States Court of Appeals, Eleventh Circuit.

Oct. 4, 1982.

Popper & Mackoul, David Popper, Miami, Fla., for plaintiff-appellant.

Blackwell, Walker, Gray, Powers, Flick & Hoehl, James E. Tribble, Miami, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and HOFFMAN *, District Judge.

GODBOLD, Chief Judge:

Plaintiff-appellant Gellert filed suit in the Southern District of Florida alleging

---

* Honorable Walter E. Hoffman, U. S. District Judge for the Eastern District of Virginia, sitting by designation.

common law torts of fraud, intentional infliction of emotional distress, tortious interference with contract rights and civil conspiracy. This is the fourth action brought by Gellert alleging that defendants-appellees, Eastern Air Lines and several of its officers, engaged in a continuing course of retaliatory conduct against Gellert as a result of his testimony before the National Safety Transportation Board regarding the crash in 1972 of Eastern Flight 402.

The district court dismissed the case on the ground that all claims asserted were within the exclusive jurisdiction of the Air Line Pilot's System Board of Adjustment. As an alternative holding respecting count 5, which alleged intentional infliction of emotional distress, the court held that the count failed to state a claim for relief under Florida law, citing *Gellert v. Eastern Air Lines, Inc.*, 370 So.2d 802 (Fla. 3 DCA 1979).

In this appeal Gellert urges first that the district judge denied him his Seventh Amendment right of trial by jury in ruling that his only redress was within the System Board, and, second, that his claims are valid tort actions not preempted by the Railway Labor Act. Eastern urges us to affirm the holding that all claims are within the exclusive jurisdiction of the System Board, thereby hopefully bringing to an end its differences with Gellert. The difficulty with both arguments is that the district court was wholly without jurisdiction in this case. Gellert did not allege diversity of citizenship or federal question jurisdiction, and, necessarily, there was no pendent jurisdiction of any state claim. Thus the district court was without power to adjudicate the preemption issue and without power to hold that count 5 stated no cause of action under Florida law.

Should Gellert bring a suit in a court having jurisdiction that court can examine his allegations under the test of *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) to determine whether the claims asserted have been preempted.

The order of the district court is VACATED. The judgment of dismissal is AFFIRMED.