725 F.2d 645
 Daniel LYKINS, Individually, and Daniel Lykins, as
Administrator of the Estate of Alison Lykins,
Deceased, Plaintiff-Appellant,
v.
POINTER INCORPORATED, an Arizona corporation, et al.,
Defendants-Appellees.
 No. 83-3311
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 24, 1984.
 
 Richard D. Nichols, Jacksonville, Fla., for plaintiff-appellant.
 David V. Hutchinson, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Frank W. Hession, Jacksonville, Fla., for Piper Aircraft Corp.
 Appeal from the United States District Court for the Middle District of Florida.
 Before FAY, VANCE and KRAVITCH, Circuit Judges.
 VANCE, Circuit Judge:
 
 
 1
 Plaintiff instituted this suit against various parties after the airplane carrying him and his wife crashed. The amended complaint named as defendants Piper Aircraft Corp. and other private parties involved in the chain of design, manufacture, and sale of the plane and certain devices aboard it, as well as the United States and the Federal Aviation Administration (FAA). Plaintiff appeals the district court's dismissal of his action and denial of his motion under Fed.R.Civ.P. 60(b). The court below held that both failed for want of subject matter jurisdiction over the case. We reverse and remand for consideration in light of this opinion.
 
 
 2
 It appears from the face of the complaint that the district court lacked diversity jurisdiction. Piper asserts that federal question jurisdiction is precluded as well because plaintiff failed to allege the statutory basis for such jurisdiction. The law of this circuit, however, is that "where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.1980); see also Southpark Square Ltd. v. City of Jackson, 565 F.2d 338, 341 n. 2 (5th Cir.1977), cert. denied, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978).
 
 
 3
 In 28 U.S.C. Sec. 1346(b) Congress granted jurisdiction to the district courts over:
 
 
 4
 civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ....
 
 
 5
 Plaintiff joined as parties defendant the United States and the FAA, alleging in its amended complaint specific negligent acts and omissions by certain air traffic controllers acting within the scope of their employment as employees, servants, or agents of the FAA. The negligence of the air traffic controllers was alleged to have proximately caused personal injury to plaintiff and death to his wife, and the complaint prayed for money damages. See Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-2680. In light of these allegations it was error for the district court to dismiss the action against the government defendants for want of subject matter jurisdiction.
 
 
 6
 It is true, however, that suits for which section 1346(b) provides the jurisdictional grant are subject to the procedural prerequisite that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. Sec. 2675(a).[1] This requirement is jurisdictional and cannot be waived. Employees Welfare Committee v. Daws, 599 F.2d 1375, 1378 (5th Cir.1979). Although the United States filed a motion to dismiss the count against it on the ground that plaintiff's allegations were insufficient to demonstrate compliance with section 2675, the district court never ruled on the motion, but instead dismissed the entire action based on lack of diversity. On remand the district court should determine whether the jurisdictional prerequisites of section 2675 have been met, bearing in mind that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial ... courts." 28 U.S.C. Sec. 1653. To satisfy the jurisdictional requirements "[t]here must be proof of timely written notice of the claim to the appropriate agency, which appears of record," Daws, 599 F.2d at 1378 n. 6, and the administrative claim must have been for a "sum certain," Molinar v. United States, 515 F.2d 246, 248-49 (5th Cir.1975), or a "dollar amount," Adams v. United States, 615 F.2d 284, 292 n. 15 (5th Cir.1980).
 
 
 7
 Plaintiff argues that since the trial court had jurisdiction over the FTCA claim the court should have exercised pendent party jurisdiction over plaintiff's state law claims against the remaining defendants. Piper advances two counterarguments to rebut plaintiff's theory: first, plaintiff's failure to state expressly in the complaint his reliance on pendent party jurisdiction, and second, the trial court's discretion in exercising such jurisdiction. With regard to defendant's first contention, "[p]endent [party] jurisdiction is not [a] matter which must be pleaded since the court already has jurisdiction over the case." Leather's Best, Inc. v. S.S. Mormaclynx, 451 F.2d 800, 809 n. 10 (2d Cir.1971); see also 3A J. Moore & J. Lucas, Moore's Federal Practice p 18.07 [1. -5], at 18-73 (1982); 5 C. Wright & A. Miller, Federal Practice & Procedure Sec. 1207, at 82 (1969).
 
 
 8
 Before reaching defendant's second contention we have an obligation to address sua sponte the issue of the district court's power to entertain plaintiff's state law claims against the private defendants, over which no independent basis of federal jurisdiction exists. In re Weaver, 632 F.2d 461, 462 n. 6 (5th Cir.1980). We begin by recognizing that the Supreme Court has significantly circumscribed the power of federal courts to exercise pendent party jurisdiction. In Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Supreme Court described the question of pendent party jurisdiction as one which is "subtle and complex." The Court hinted at the possibility of constitutional constraints, but it declined "to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction" because it determined that the Aldinger case could be resolved on statutory grounds. Id. at 18, 96 S.Ct. at 2422. The Court formulated the statutory test as follows:
 
 
 9
 Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself ... that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.
 
 
 10
 Id. Under United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), Article III further dictates that federal and pendent party claims must arise out of a common nucleus of operative fact and be of such a nature that, except for their disparate federal and state character, one would expect the plaintiff to try them together. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 371-72, 98 S.Ct. 2396, 2401-2402, 57 L.Ed.2d 274 (1978); Ortiz v. United States, 595 F.2d 65, 69-70 (1st Cir.1979). We conclude that the present case satisfies all applicable constitutional and statutory requirements.
 
 
 11
 Turning first to a consideration of 28 U.S.C. Sec. 1346(b), the statute granting federal jurisdiction over plaintiff's tort claim against the United States, we find no express or implied negation of the federal courts' power to hear pendent party claims when that statute is invoked to confer jurisdiction on the district court. In this respect this case is distinguishable from Kroger and Aldinger. In Kroger the plaintiff asserted against one defendant a federal claim based on diversity of citizenship under 28 U.S.C. Sec. 1332(a)(1). The original defendant impleaded a third party defendant whose citizenship destroyed complete diversity, and the plaintiff amended her complaint to assert a state tort claim against the third party defendant. The Supreme Court concluded that pendent party jurisdiction was unavailable because Congress' consistent re-enactment and amendment of section 1332, without altering the longstanding judicial construction that the statute requires strict diversity, "demonstrate[d] a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." 437 U.S. at 373-74, 98 S.Ct. at 2403. That congressional intent could not be circumvented by the use of pendent party jurisdiction. Id. at 377,[2] 98 S.Ct. at 2404.
 
 
 12
 Similarly, in Aldinger the plaintiff filed a civil rights action against several parties, including a county, under 28 U.S.C. Sec. 1983, with jurisdiction grounded in 28 U.S.C. Sec. 1343(3). The plaintiff also filed a claim against the county on a related state law claim. The section 1983 claim against the county was later dismissed, since at that time section 1983 was construed as not giving rise to a cause of action against a county.[3] Because the jurisdictional grant of section 1343(3) is restricted to actions "authorized by law," the Court determined that Congress meant to keep plaintiffs from skirting this limitation by joining a county as a pendent party to the section 1983 claim. 427 U.S. at 16-17, 96 S.Ct. at 2421-2422.
 
 
 13
 No such indicia of a restrictive legislative intent toward pendent party jurisdiction exist here. Neither the FTCA nor its jurisdiction-granting statute contains any express proscription of such jurisdiction, and the statute has not spawned any restrictive judicial interpretations that could have been tacitly embraced by Congress. Ortiz, 595 F.2d at 73.[4] The Supreme Court apparently accepted this conclusion in Aldinger. The Court there described section 1346 as a jurisdiction-granting statute that, because it confers exclusive jurisdiction on the district courts, supports an exercise of judicial discretion in favor of pendent party jurisdiction. 427 U.S. at 18, 96 S.Ct. at 2422. We believe that the Court would not have addressed itself to the district courts' discretion to allow such parties in the context of section 1346 had that section "expressly or by implication negated" the possibility of pendent party jurisdiction.[5] See also Dick Meyers Towing Service, Inc. v. United States, 577 F.2d 1023, 1024 n. 1 (5th Cir.1978) (per curiam) (in a post-Aldinger case, concluding without discussion that pendent party jurisdiction was appropriate in a suit in which federal jurisdiction was grounded in 28 U.S.C. Sec. 1346), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). We therefore read Aldinger to permit pendent party jurisdiction in the context of section 1346(b).
 
 
 14
 With respect to the requirements of United Mine Workers v. Gibbs, we observe that plaintiff was injured and his wife killed in an airplane crash near Jacksonville International Airport. Plaintiff's claims against each defendant seek recovery for that defendant's role in causing the crash, thus meeting the Article III threshold Gibbs imposes. See Florida East Coast Railway v. United States, 519 F.2d 1184, 1194 (5th Cir.1975).[6]
 
 
 15
 While we conclude that the district court has the power to assert subject matter jurisdiction in this case, Piper correctly argues that "[t]he exercise of pendent [party] jurisdiction is a discretionary decision reserved to the district court." Williams v. Bennett, 689 F.2d 1370, 1379 (11th Cir.1982) (emphasis added). The court, however, must in fact exercise its discretion. It is evident from the record that the court below failed to consider the propriety of pendent party jurisdiction either in dismissing the action or in denying plaintiff's Rule 60(b) motion. We therefore remand to the district court to allow it to exercise its discretion with respect to the pendent party jurisdictional issue. Of course, if the court concludes that it lacks subject matter jurisdiction under 28 U.S.C. Secs. 1346(b) and 2675, the want of a federal claim would render pendent party jurisdiction impossible. Gellert v. Eastern Airlines, Inc., 688 F.2d 723, 724 (11th Cir.1982).
 
 
 16
 Our holding here is narrow. We conclude only that there are no constitutional or statutory barriers to the exercise of pendent party jurisdiction beyond the normal requirements of Gibbs when jurisdiction over the federal claim is conferred by 28 U.S.C. Sec. 1346(b). The issue of pendent party jurisdiction is a "question with far-reaching implications," Moor v. County of Alameda, 411 U.S. 693, 715, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973), and we express no view concerning the power of federal courts to entertain such claims under other statutory schemes.[7] Nor should our decision be read as holding that any pendent party claim permissible under section 1346(b) necessarily satisfies either the constitutional requirement that the federal and nonfederal claims derive from a common nucleus of operative fact or the considerations of judicial economy and fairness to the litigants essential to the exercise of discretion to hear a pendent party claim. Indeed, since by its nature pendent party jurisdiction implicates configurations of claims and parties more diverse than those typical under the pendent claim jurisdiction articulated by the Supreme Court in Gibbs, we expect that these tests will be met less often in a pendent party situation.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 The agency's failure to act on the claim within six months of its filing may be considered a final denial. Id
 
 
 [2]
 Under Kroger "the posture in which the nonfederal claim is asserted" must be compared with the jurisdiction-granting statute to determine whether Congress has limited the federal court's power "over the particular nonfederal claim." Id. 437 U.S. at 373, 98 S.Ct. at 2402. The Kroger Court emphasized that, unlike earlier claims deemed "ancillary," it was the plaintiff in Kroger rather than the defendant who had asserted the nonfederal claim. The Court further noted that the plaintiff's claim against the nondiverse defendant was not "logical[ly] dependen[t]" on the resolution of the claim against the diverse defendant. Id. at 376, 98 S.Ct. at 2404. Although they destroyed complete diversity, these prior configurations did not run counter to Congress' intent in section 1332 because Congress could be presumed to have intended a limited flexibility with regard to the strict diversity requirement:
 It is not unreasonable to assume that, in generally requiring complete diversity, Congress did not intend to confine the jurisdiction of federal courts so inflexibly that they are unable to protect legal rights or effectively to resolve an entire, logically entwined lawsuit. Those practical needs are the basis of the doctrine of ancillary jurisdiction.
 Id. at 377, 98 S.Ct. at 2404. It is true that the posture of this case parallels that of Kroger because plaintiff asserted the nonfederal claims and because those claims are not logically dependent on the outcome of the claim against the United States. Under section 1346(b), however, unlike section 1332(a), we discern no congressional intent to preclude such a procedural posture. See infra notes 3-4 and accompanying text.
 
 
 [3]
 Since that time the Supreme Court has held that counties may be held liable under section 1983. Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Monell "in no way qualifies the [jurisdictional] holding of Aldinger," however. Kroger, 437 U.S. at 372 n. 12, 98 S.Ct. at 2402 n. 12
 
 
 [4]
 In addition, the primary purpose of the FTCA is to "avoid injustice to those having meritorious claims hitherto barred by sovereign immunity." United States v. Muniz, 374 U.S. 150, 154, 83 S.Ct. 1850, 1853, 10 L.Ed.2d 805 (1963). This goal reflects a congressional attitude sensitive to plaintiffs seeking recovery, one which is furthered by permitting plaintiffs to pursue in a single lawsuit their claims for injuries suffered in a single accident. As the Supreme Court noted in Aldinger, since Congress in section 1346(b) granted the district courts exclusive jurisdiction, only in federal court can all such claims be heard together. 427 U.S. at 18, 96 S.Ct. at 2422
 
 
 [5]
 For the same reason we believe that the Court in Aldinger determined that pendent party jurisdiction under section 1346(b) satisfies any constitutional dictates beyond those required in Gibbs
 
 
 [6]
 Florida East Coast Railway was decided before the Supreme Court's major opinions in Aldinger and Kroger, but its common nucleus of operative facts test is employed in both of the latter opinions. We need not address here the continued viability of the remainder of the pendent party jurisdiction analysis of that case
 
 
 [7]
 But cf. Boudreaux v. Puckett, 611 F.2d 1028, 1030-31 (5th Cir.1980) (finding pendent party jurisdiction in a case in which the federal claim was based on 15 U.S.C. Secs. 1981-1991)