**J. Glenn SINGLETON**

v.

**SEARAIL INDUSTRIES, INC., Baldwin Warehouses, Inc., d/b/a Transportation Salvage Co., Bill Hagler, Emmett Anderson, and Elbert Sheers.**

**Civ. A. No. 87–0123–AH.**

United States District Court, S.D. Alabama, S.D.

Dec. 4, 1987.

Kenneth J. Mendolsohn, Montgomery, Ala., Edward R. Massey, Jr., Mobile, Ala., for movant.

George M. Bowles, Birmingham, Ala., Ben H. Kilborn, Mobile, Ala., for Searail and Baldwin.

Edward J. Vulevich, Jr., Asst. U.S. Atty., Mobile, Ala., for Hagler, Anderson and Sheers.

## ORDER

HOWARD, District Judge.

This cause is before the Court on a motion to dismiss filed by defendants Searail Industries and Baldwin Warehouses, Inc. ("movants"). Movants urge that this Court has no subject matter jurisdiction over this action. Alternatively, movants argue that the only possible basis of subject matter jurisdiction over them derives from the principle of pendent party jurisdiction, which they contend does not apply in the circumstances of this case.

### I. SUBJECT MATTER JURISDICTION

This action was originally filed in the Circuit Court for Montgomery County. Customs officers Hagler, Anderson, and Shears ("the individual defendants"), removed the action to the United States District Court for the Middle District of Alabama. The petition for removal asserted as a basis 28 U.S.C. § 1442.

The file discloses that all parties are Alabama citizens, precluding subject matter jurisdiction based on diversity of citizen-

ship. Even if plaintiff were not an Alabama citizen, removal on the basis of diversity of citizenship is impermissible when, as here, one or more defendants is a citizen of the forum state. 28 U.S.C. § 1441(b).

Movants insist that the only possible basis of subject matter jurisdiction over this action is federal question jurisdiction under 28 U.S.C. § 1331. They further assert that no federal question jurisdiction exists with respect to plaintiff's causes of action against them, a proposition with which the Court agrees. Movants are private citizens accused of negligence and breach of contract in the handling of plaintiff's goods, and no possible basis of federal question jurisdiction has been presented to, or is perceived by, the Court.

Movants further assert that no ground of federal question jurisdiction exists with respect to plaintiff's causes of action against the individual defendants. Again, the Court agrees with movants' contention.

■ Count One of the complaint alleges that defendants "negligently or wantonly" damaged plaintiff's property. With respect to the individual defendants, this claim is based on the following statement in *Kosak v. United States*, 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984):

> At common law, a property owner had (and retains) a right to bring suit against an individual customs official who negligently damaged his goods."

*Id.* at 860, 104 S.Ct. at 1526 (footnote omitted).

The *Kosak* opinion does not disclose whether the "common law" to which it refers is of federal or state origin. The distinction is important because "[section] 1331 jurisdiction will support claims founded upon federal common law as well as those of a statutory origin." *Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972).

In the absence of aid from counsel in resolving this question, the Court has reviewed the cases cited by the *Kosak* Court in support of its proposition, as well as

precedents relied upon by those cases. None of these authorities addresses the source of the common law rule or the basis of the court's subject matter jurisdiction. In addition, a probable separate ground of subject matter jurisdiction appears in each case, so that no inference arises that the courts implicitly relied on federal common law to establish the court's subject matter jurisdiction.[1]  *See Marine Lines, Inc. v. Shultz*, 498 F.2d 1146 (4th Cir.1974); *Truth Seeker Co. v. Durning*, 147 F.2d 54 (2d Cir.1945); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *Conklin v. Newton*, 34 F.2d 612 (2d Cir.1929); *Giles v. Newton*, 21 F.2d 484 (E.D.N.Y.1927).

The creation of federal common law is by far the exception and not the rule. "There is no federal general common law," *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), and, despite recent inroads, "[t]he instances where [the courts] have created federal common law are few and restricted." *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605 (1963). Because of this judicial reluctance to find that federal common law controls, combined with the lack of clear authority for utilizing federal common law in a negligence action against customs officials and with the parties' failure to enlighten the Court on this issue, the Court concludes that the existence of federal question jurisdiction with respect to plaintiff's negligence claim against the individual defendants has not been satisfactorily established. *See Fernandez v. Reynolds Metals Co.*, 384 F.Supp. 1281, 1283 (S.D.Tex.1974) ("[A] case should be remanded if federal jurisdiction is doubtful.").

Although Count Two has been dismissed with respect to the individual defendants, the propriety of removal under 28 U.S.C. § 1441, including the existence of subject matter jurisdiction, depends on the state of the pleadings at the time of removal. Thus, the Court must analyze Count Two to determine if federal question jurisdiction attached to its allegations.

1. Thus, the fact that some of the cases were decided prior to *Erie Railroad Co. v. Tompkins*, when federal common law was more the rule than the exception, provides little evidence that the common law referred to in those cases was federal, or that such a construction, if it existed, survived *Erie.*

■ Count Two alleges that defendants breached an implied contract to exercise due care with plaintiff's goods, resulting in damages of $250,000. To the extent the count seeks to assert a Tucker Act claim, exclusive subject matter jurisdiction rests in the Court of Claims. *See, e.g., Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818 (10th Cir.1981). No other conceivable basis of federal question jurisdiction with respect to this count has been suggested by the parties or been identified by the Court.

■ As far as it goes, then, plaintiff's argument that the Court lacks subject matter jurisdiction over all claims is correct. By assuming that federal question jurisdiction was the only source of jurisdiction potentially available, however, plaintiff overlooked 28 U.S.C. § 1442(a)(1):

(a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court ...:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The individual defendants removed this case on the basis of this provision, and it is manifestly applicable here: the statute has often been utilized by customs officers, and the individual defendants have forcefully and repeatedly argued they were acting within the scope of their authority as customs officers.

Moreover, the section constitutes not simply a removal provision, but in addition "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *IMFC Professional Services, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 156 (5th Cir.1982) (binding precedent). Thus, the absence of federal question jurisdiction is irrelevant because a separate basis of subject matter jurisdiction exists.

Plaintiff further asserts that the individual defendants are immune from suit and that therefore "there can be no cause of action". Since immunity is an affirmative defense, plaintiff is apparently confusing lack of subject matter jurisdiction with failure to state a claim upon which relief can be granted. *See generally Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). At any rate, the Court has already denied the individual defendants' motion for summary judgment on the basis of immunity from suit.

## II. PENDENT PARTY JURISDICTION

Anticipating the possible failure of their across-the-board attack on this Court's subject matter jurisdiction, movants argue in the alternative that there is no separate basis of subject matter jurisdiction with respect to plaintiff's claims against them and that this deficiency cannot be remedied by application of the doctrine of pendent party jurisdiction.

Movants go too far in insisting that "in fact there is no such thing" as pendent party jurisdiction. The misstatement apparently stems from movants' misapprehension, carried over from Part I, that subject matter jurisdiction does not exist with respect to plaintiff's claims against the individual defendants. As discussed in Part I, however, the Court does have subject matter jurisdiction over these claims.

■ The existence of subject matter jurisdiction over the individual defendants on a basis other than diversity of citizenship being established, the standard for employing pendent party jurisdiction is as follows: so long as all applicable constitutional and statutory requirements are met, there is power in the federal court to hear a, pendent party claim; so long as considerations of juridical economy and fairness to the litigants indicate the desirability of exercising that power, there is discretion to do so. *Lykins v. Pointer, Inc.,* 725 F.2d 645, 649 (11th Cir.1984).

■ The only certain constitutional requirement pertains to all cases in which pendent party jurisdiction is invoked: the "federal and pendent party claims must arise out of a common nucleus of operative

fact and be of such a nature that, except for their disparate federal and state character, one would expect the plaintiff to try them together." *Id.* at 647. That requirement is met in this case. Plaintiff alleges that his goods were damaged, either by the individual defendants while in their custody, by movants while in their custody, or by both. The common nucleus of operative fact is the alleged damage to plaintiff's goods while in transit from England to Montgomery; as movants' counsel noted at the pretrial conference in this action, shippers in plaintiff's position ordinarily join all carriers or other handlers of the goods in a single lawsuit. *Cf. id.* at 646, 649 (aircraft victim's suit against the United States, the FAA, and the manufacturers, designers and sellers of the plane and safety devices on board met this requirement).

Although the Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), may have "hinted at the possibility of [additional] constitutional constraints" on the exercise of pendent party jurisdiction, *Lykins v. Pointer, Inc.,* 725 F.2d at 647, neither the Supreme Court nor the Eleventh Circuit has identified any such barriers in the intervening years.

The statutory inquiry that must precede the exercise of pendent party jurisdiction is whether "Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence." *Aldinger v. Howard,* 427 U.S. at 18, 96 S.Ct. at 2422. Section 1442 contains no language intimating a congressional intent to disallow pendent party jurisdiction in cases resting on that section for federal subject matter jurisdiction, and the parties have presented no legislative history or judicial construction of the statute that would evince such an intent.

Power, then, exists to exercise pendent party jurisdiction over plaintiff's claims against movants. Turning to the Court's exercise of discretion in that regard, it is plain that judicial economy and fairness to the litigants favor retention of plaintiff's pendent party claims. Although the grounds for their motion have been present since movants were served with process almost a year ago, movants delayed until five court days before jury selection to file their motion. Clearly, the case is ready for trial, and no good purpose would be served by severing plaintiff's claims at this late date, forcing plaintiff to relitigate his claims against movants in a congested state court.

### III. CONCLUSION

The Court has subject matter jurisdiction over plaintiff's claims against the individual defendants pursuant to 28 U.S.C. § 1442. The Court has power to exercise pendent party jurisdiction over plaintiff's claims against movants, and the Court exercises its discretion in favor of pendent party jurisdiction. The motion to dismiss is DENIED.