[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15919
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02241-CV-ODE-1

EWIN OSCAR MARTINEZ,

Plaintiff-Appellant,

versus

LEROY MINNIS,
Counselor of D-3 Unit,
R. JAMES,
Unit Manager of D-3 Unit,

Defendants-Appellees,

LIEUTENANT D. CARTRETTE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 7, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Ewin Oscar Martinez, a federal prisoner proceeding pro se, appeals the district court's disposition of his claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). On appeal, Martinez asserts the following arguments: (1) the district court erred in its summary judgment order by failing to address his FTCA claims, prior to dismissing his complaint in its entirety; (2) the district court erred by entering summary judgment, in favor of Defendants Minnis and James, on Martinez's retaliation claims, because those claims were either unexhausted or unsupported by the evidence; and (3) the district court erred by dismissing, pursuant to 28 U.S.C. § 1915A, several defendants because they were mere supervisors and Martinez had not shown a causal connection between them and the alleged constitutional violations.[1] After careful review of the record and the parties' briefs, we affirm.

---

[1] For purposes of clarity, we have reordered these arguments. We discern no error relating to Martinez's other arguments, including that the district court abused its discretion by denying his second motion to amend his complaint and that the district court erred by entering summary judgment on his Eighth Amendment claim, relating to Defendant Minnis's touching of Martinez's groin area, including his genitals, during a routine random pat-down search of numerous inmates as they left the dining hall. The district court concluded that Martinez's Eighth Amendment claim satisfied neither the objective prong nor the subjective prong for such a claim since it was undisputed that Martinez suffered no more than a de minimus injury from the isolated incident(the objective prong) and he failed to present evidence that Minnis had a "sufficiently culpable state of mind" (the subjective prong). Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (holding that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment" and discussing objective and subjective components of such a claim), cert. denied, 127 S. Ct. 1908 (2007).

2

The relevant facts are these. In August 2006, Martinez filed his original complaint, naming as defendants Leroy Minnis, a "D-3 Unit counselor" in the Special Housing Unit ("SHU") of the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta") in which Martinez was incarcerated; Lieutenant D. Cartrette of USP-Atlanta; R. James, a "D-3 Unit Manager" of the SHU; Captain R. Branch; Warden R. Wiley; the Director of the Southeast Regional Office of the Bureau of Prisons ("BOP"); and the Director of the BOP. Martinez alleged that he had been harassed, retaliated against, and sexually assaulted during his incarceration at USP-Atlanta.

The district court dismissed, pursuant to 28 U.S.C. § 1915A, the claims against Cartrette, Branch, Wiley, and the Directors of the Southeastern Regional Office and the BOP, based on Martinez's failure to assert that they were directly involved in the incidents on which Martinez based his Bivens claims and his failure to allege a causal connection sufficient to establish supervisory liability.[2] The district court entered summary judgment on Martinez's remaining claims based on the following conclusions: (1) on his sexual battery claim against Minnis, Martinez failed to present any evidence showing that Minnis's touching of

---

[2] Martinez does not challenge the district court's § 1915A dismissal of his claims based on alleged poor medical care and alleged unsanitary conditions. Therefore, he has abandoned any issues relating to those claims. See Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) (holding that issues not advanced in an initial brief are abandoned).

3

Martinez's genitals was done with an intent to sexually assault Martinez, as opposed to pursuant to the BOP's policy requiring prison officials to conduct random "pat searches" of inmates, for the purpose of finding contraband; (2) on Martinez's retaliation claims against Minnis, there was no genuine issue of material fact concerning Minnis's lack of a retaliatory motive; and (3) on his retaliation claims against both Minnis and James, that Martinez had not exhausted his available administrative remedies. In its order, the district court did not mention the FTCA claims, but ordered the action "dismissed in its entirety." This appeal followed.

We first consider Martinez's argument concerning the district court's failure to address his FTCA claims. Where a district court fails to provide a sufficient explanation, so as to permit this Court the opportunity to engage in meaningful appellate review, we may vacate and remand to the district court with instructions to enter a fuller order. Danley v. Allen, 480 F.3d 1090, 1091-92 (11th Cir. 2007). However, where the record is sufficient to determine that the district court's decision was correct, we may review such an order. See Clay v. Equifax, Inc., 762 F.2d 952, 957-59 (11th Cir. 1985).

It is well-settled that we must address subject matter jurisdiction wherever it may be lacking. Marshall v. Gibson's Prods., Inc. of Plano, 584 F.2d 668, 672 (5th

4

Cir. 1978).[3]  We review <u>de novo</u> whether subject matter jurisdiction exists. <u>Asociacion De Empleados Del Area Canalera v. Panama Canal Comm'n</u>, 329 F.3d 1235, 1237-38 (11th Cir. 2003).

In the FTCA, Congress authorized a limited waiver of sovereign immunity when federal employees commit torts while acting within the scope of their employment.  <u>Means v. United States</u>, 176 F.3d 1376, 1378-79 (11th Cir. 1999). As a prerequisite to bringing suit under the FTCA, a potential plaintiff must first present the claim to the appropriate Federal agency.  28 U.S.C. § 2675(a).  A district court lacks jurisdiction over an FTCA action if the plaintiff has not complied with the notice requirements of § 2675(a).  <u>Burchfield v. United States</u>, 168 F.3d 1252, 1254-55 (11th Cir. 1999); <u>see also</u> <u>Barnett v. Okeechobee Hosp.</u>, 283 F.3d 1232, 1237-38 (11th Cir. 2002) ("[T]he administrative notice requirement of 28 U.S.C. § 2765 'is jurisdictional and cannot be waived.'" (quoting <u>Lykins v. Pointer Inc.</u>, 725 F.2d 645, 646 (11th Cir. 1984))).  Moreover, "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b); <u>Burgess v. United States</u>, 744 F.2d 771, 773 (11th Cir. 1984).

---

[3]<u>See</u> <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>) (adopting as binding precedent in the Eleventh Circuit, all decisions of the former Fifth Circuit announced prior to October 1, 1981).

For purposes of 28 U.S.C. § 2401(b), a claim is "presented" to a federal agency when written notification is received by that agency. 28 C.F.R. § 14.2(a). When a claim is received by an agency other than the appropriate agency, the claim must be forwarded to the appropriate agency, and is considered "presented" when it is received by the appropriate agency. 28 C.F.R. § 14.2(b)(1). An FTCA claim filed against the BOP alleging an injury that occurred within the geographical boundaries of one of the BOP's administrative regions must be presented to that regional office (here, the Southeast Regional Office). 28 C.F.R. § 543.31.

Here, the district court did not have jurisdiction to consider Martinez's FTCA claims. The last of the allegedly tortious conduct occurred on November 19, 2003. Martinez mailed his administrative claim on November 4, 2005, to the Director of the BOP, where it was received on November 15, 2005 and was transferred to Southeast Regional Office of the Bureau of Prisons. It was received by the Southeast Regional Office on December 6, 2005. Because Martinez's did not "present" his FTCA claims, within the meaning of 28 U.S.C. § 2401(b) 28 C.F.R. § 14.2(a), to the appropriate agency within two years of the date the injury in question was alleged to have occurred, the district court lacked jurisdiction to consider the claims.[4] Cf. Barnett, 283 F.3d at 1237-38 (holding that dismissal of a

---

[4]Martinez's allegations concerning problems with mail delivery are misplaced. The two-year deadline is mandatory and jurisdictional, Burchfield, 168 F.3d at 1254-55, and even if the deadline

6

FTCA claim on statute of limitations grounds is a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)). Accordingly, the claims were properly dismissed.

Next, Martinez argues that the district court erred by granting summary judgment to Defendants Minnis and James on his First Amendment retaliation claims. "We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1242-43 (11th Cir. 2003). Summary judgment is appropriate if the evidence establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant, here [Martinez]". McCormick, 333 F.3d at 1243.

As a preliminary matter, the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies prior to bringing suit with respect to prison conditions. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

was subject to equitable tolling, Martinez has not demonstrated extraordinary circumstances justifying such tolling.

7

facility until such administrative remedies as are available are exhausted."). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," and mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005), cert. denied, 126 S. Ct. 2978 (2006) (internal quotation marks and citations omitted); see also Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that prisoner asserting Bivens claim must exhaust available administrative remedies, even when those remedies are futile or inadequate).

Martinez alleged that Defendant Minnis took a variety of actions against him, in retaliation for Martinez's filing of numerous grievances or requests for administrative relief. These actions included: (1) Martinez was fired as an orderly; (2) he was required to lift boxes heavier than his medical restrictions permitted; (3) he was sexually assaulted; (4) Martinez's cell was subject to excessive "shakedowns"; (5) Martinez was assigned to work in "Construction 5"; (6) he was placed in the SHU; and (7) he was verbally abused. Martinez also alleged that Defendant James retaliated against him (8) by refusing him permission to transfer to the west yard, and (9) by approving Minnis's acts of retaliation.

8

Of the foregoing alleged actions, Martinez filed administrative grievances, and thus exhausted his administrative remedies, only as to the allegations of sexual assault, being fired as an orderly, being required to carry heavy boxes, and being subjected to intimidation. As to the others, Martinez's failure to exhaust his administrative remedies defeats his claims, pursuant to 42 U.S.C. § 1997e(a).[5]

As for the remaining, exhausted retaliation claims, "[t]he First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1249 (11th Cir. 2003). To state a retaliation claim based on the First Amendment, it is not necessary for a prisoner to allege violation of a separate and distinct constitutional right. Id. "Rather, the gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech. A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Id. (citations and quotations omitted).

_____

[5]Although he filed a request for administrative remedy based on his placement in the SHU, the request alleged only that he was placed in the SHU "without reasonable cause, but motivated for personal reasons by [Minnis]." The request indicates that Minnis provoked, harassed, and insulted Minnis every day until he "found" an excuse to place Minnis in the SHU. The request for administrative remedy makes no allegation that Martinez had filed any sort of grievance prior to Minnis's actions or as to why Minnis took action against Martinez. In fact, the request for administrative remedies did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it. On this record, Martinez also did not exhaust his administrative remedies with respect to the allegation that Minnis placed Martinez in the SHU as a retaliatory act.

9

A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Thaddeus-X v. Blatter, 175 F.3d 378, 394 (11th Cir. 1999).

In order to establish a First Amendment retaliation claim, a prisoner must show that the actions complained of -- which are otherwise constitutional -- were taken against him because he exercised his First Amendment rights. Farrow, 320 F.3d at 1249. Martinez submitted no evidence to support his belief that retaliation was the motivation behind the shakedowns, being fired as an orderly, being sexually assaulted, or being forced to carry heavy boxes. Instead, he merely asserted, without evidentiary support, that these actions were motivated by a retaliatory animus. On this record, the district court did not err by entering summary judgment as to Martinez's properly exhausted claims.

Finally, Martinez argues that the district court erred in dismissing, pursuant to 28 U.S.C. § 1915A, his claims against Cartrette, Branch, Wiley, and Directors of the Southeastern Regional Office and the BOP. The district court concluded that these defendants were mere supervisors and Martinez had not shown a causal connection between them and the alleged constitutional violations. We review de novo a dismissal under 28 U.S.C. § 1915A. Boxer X v. Harris, 437 F.3d 1107,

10

1110 (11th Cir. 2006), cert. denied, 127 S. Ct. 1908 (2007).  We "may affirm the district court on any ground that appears in   the record, whether or not that ground was relied upon or even considered by the court below."   Rowell v. BellSouth Corp., 433 F.3d 794, 797-98 (11th Cir. 2005) (quotation omitted).

Section 1915A of Title 28 requires district courts to screen civil complaints filed by prisoners against governmental entities or employees, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A(a)-(b).  Supervisory officials are not liable in a Bivens action on the basis of respondeat superior or vicarious liability. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).  Rather, "[s]upervisory liability under Bivens occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation."   Id. (quotation and editing marks omitted).

There is no suggestion that the supervisory defendants personally participated in the alleged constitutional violations.  Accordingly, Martinez was required to show a causal connection between the actions of the supervisory defendants and the alleged constitutional violations.  The causal connection can be

11

established when: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (2) "a supervisor's improper custom or policy results in deliberate indifference to constitutional rights"; or (3) there are "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. at 1234-35 (citations, quotations, and editing marks omitted). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1234 (quotation omitted).

Martinez's complaint made no allegations whatsoever against the Directors of the BOP and Southeastern Regional Office, and thus the district court correctly dismissed them from the case. As for the other three supervisory defendants, Martinez alleged that Minnis had threatened to come up with an excuse to assign Martinez to the SHU because Martinez had filed grievances about an error in the prison's computer system, that Minnis had carried out this threat, and that Martinez had informed Defendants Cartrette, Branch, and Wiley of the situation at a time when they could have prevented Martinez's placement in the SHU. Even assuming arguendo that Minnis violated Martinez's First Amendment rights and that Cartrette, Branch, and Wiley had been informed Minnis was acting unlawfully

12

and failed to prevent him from doing so, because Martinez failed to exhaust his administrative remedies as to the allegedly retaliatory placement in the SHU, the district court did not err by entering summary judgement in favor of the supervisory defendants. Therefore, even if Martinez's original complaint did allege a constitutional violation, his claims against Cartrette, Branch, and Wiley were due to be dismissed for failure to exhaust.

In sum, we discern no reversible error in the district court's § 1915A dismissals or its grant of summary judgment and dismissal of Martinez's FTCA claims. Accordingly, we affirm.

**AFFIRMED.**