[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17785
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24931-KMM

JENNIFER FELDMAN,

Plaintiff-Appellant,

versus

ADOPTION STAR AGENCY,
KATHY CRISSY,
ELLEN KAPLAN,
N.F.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2018)

Before ED CARNES, Chief Judge, MARTIN, and JILL PRYOR Circuit Judges.

PER CURIAM:

Jennifer Feldman, proceeding pro se, brought a lawsuit against Adoption Star Agency, Ellen Kaplan (the attorney for the Agency), and N.F., Feldman's daughter. Feldman challenged the adoption proceedings relating to her biological granddaughter, who was placed for adoption by N.F. shortly after birth. The district court issued a paperless order dismissing Feldman's complaint without prejudice for lack of subject matter jurisdiction. Feldman appealed.

We review de novo a district court's sua sponte order dismissing a case for lack of subject matter jurisdiction. McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1250 (11th Cir. 2007). Diversity jurisdiction is not alleged in Feldman's complaint.[1] So the only other basis for jurisdiction would be if a federal question is present. See Gellert v. E. Airlines, Inc., 688 F.2d 723, 724 (11th Cir. 1982) (stating that the district court "was wholly without jurisdiction" where the plaintiff "did not allege diversity of citizenship or federal question jurisdiction" in his complaint).

Although we hold pro se pleadings "to a less stringent standard than pleadings drafted by attorneys" and will construe the allegations contained therein

---

[1] In her reply brief Feldman raises diversity jurisdiction under 28 U.S.C. § 1332 as a basis for subject matter jurisdiction. But there are no facts alleged in her complaint or her initial brief that support diversity jurisdiction.

2

liberally, <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), that

doesn't give us license to manufacture claims for a <u>pro</u> <u>se</u> plaintiff out of thin air,

<u>see</u> <u>Campbell v. Air Jam, Ltd.</u>, 760 F.3d 1165, 1168–69 (11th Cir. 2014).  We can

only "liberally construe" those allegations that are in the pleadings.  <u>See</u> <u>id.</u>  We

can't serve as counsel to a party just because they are <u>pro</u> <u>se</u>.  <u>Id.</u>

In her complaint, Feldman alleged that the adoption of her granddaughter

was fraudulent because the granddaughter was in Feldman's care and was taken

under duress and against Feldman's will.  She claimed that every child has the

right under federal law to be placed with a biological family member before being

placed with a stranger.  But Feldman never alleges any federal law that provides

such a right.[2]  Without an allegation that the defendants violated a federal statute or

the Constitution, or that Feldman's claim turns on the resolution of some other

substantial question of federal law, there is no federal question jurisdiction here.

<u>See</u> 18 U.S.C. § 1331; <u>see also</u> <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1310 (11th

Cir. 2001) ("A well-pleaded complaint presents a federal question where it

establishes either that federal law creates the cause of action or that the plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal

---

[2] In her brief to this Court, Feldman cites several Florida statutes in support.  <u>See, e.g.</u>, Fla. Stat. §§ 63.063, 787.01, 984.02.  But she doesn't cite any federal statutes in her complaint or in her brief.

law.") (quotation marks omitted).  And as a result, the district court did not have subject matter jurisdiction and properly dismissed Feldman's complaint.

**AFFIRMED.**